68 Ill. App.3d 56 (1979)
385 N.E.2d 836
THE PEOPLE ex rel. DEPARTMENT OF REGISTRATION AND EDUCATION, Plaintiff-Appellee,
v.
WALLY HUND et al., d/b/a Classic Landscape Engineers, Defendants-Appellants.
No. 78-204.
Illinois Appellate Court  Second District.
Opinion filed January 23, 1979.
*57 Michael Edgerton, of Farrell, Edgerton & Hatfield, of West Chicago, for appellant.
William J. Scott, Attorney General, of Chicago (Gail A. Moreland, Assistant Attorney General, of counsel), for the People.
Judgment affirmed.
Mr. JUSTICE RECHENMACHER delivered the opinion of the court:
The Attorney General filed a complaint against Wally Hund and Edward Nelson, d/b/a Classic Landscape Engineers, alleging that the use of the term "engineers" in the defendants' business name violated the Illinois Professional Engineering Act (Ill. Rev. Stat. 1977, ch. 111, par. 5101 et seq.) (formerly Ill. Rev. Stat. 1975, ch. 48 1/2, par. 32 et seq.) which makes it unlawful for any person not registered as a professional engineer to practice or offer to practice professional engineering, or "* * * to use in connection with his name or otherwise assume, use, or advertise any title, the initials `P.E.' or other description implying that he is a registered professional engineer" (Ill. Rev. Stat. 1977, ch. 111, par. 5101).
After an evidentiary hearing, the trial court entered an order finding defendants to be in violation of the statute, and enjoining the defendants from advertising or holding themselves out as engineers, and "continually and perpetually" enjoining defendants from using the term "engineer" in their business name "Classic Landscape Engineers." The defendants appeal; we affirm.
In his brief and argument to this court, the Attorney General contends that the defendants have violated the Professional Engineers Act by performing professional engineering services without a license. This argument was not raised before the trial court where the Attorney *58 General took the position that the question of whether the defendants are actually engaged in business as engineers was irrelevant. Under these circumstances, and in view of our disposition of this case on other grounds, we decline to consider this contention, raised for the first time on appeal. Cf. D. Nelsen & Sons, Inc. v. General American Development Corp. (1977), 51 Ill. App.3d 62.
Thus, the only question before this court is whether the defendants' use of the name "Classic Landscape Engineers" implied that the defendants were registered professional engineers.
While the parties are not in accord regarding the application of the statute, the facts are not in dispute. It was stipulated that defendant Hund is a "landscaper" and evidence showed that the defendants' business consists of planting trees, shrubbery and seed, "fine grading," laying sod and flagstone, building railroad tie retaining walls, making swales and provisions for drainage and performing landscape maintenance. The defendants advertised themselves and are listed in the yellow pages as "landscapers" and not as "engineers," or "professional engineers."
 1, 2 Although there are no Illinois cases on point, cases in other jurisdictions construing statutes similarly analogous to our Professional Engineers Act indicate that the problem of whether the use of the word "engineer" in a business title implies that those engaged in the business are professional engineers is a question of fact to be resolved in accordance with the circumstances in each case. (Iowa State Board of Engineering Examiners v. Electronic Engineering Co. (Iowa 1967), 154 N.W.2d 737; State v. T.V. Engineers of Kenosha, Inc. (1966), 30 Wis.2d 454, 141 N.W.2d 235; T.V. Engineers Inc. v. District of Columbia (D.C. App. 1961), 166 A.2d 920.) Our statute defines professional engineering as:
"* * * [A] profession in which a knowledge of the mathematical and natural sciences gained by study, experience and practice, is applied with judgment to the materials and forces of nature in the economical planning and design of engineering works, systems or devices for the benefit of mankind." (Ill. Rev. Stat. 1977, ch. 111, par. 5104.)
Counsel for the defendants has emphasized the comparative simplicity of the tasks performed by his clients in their landscaping business. However, landscaping in its highest form is both an art, and a science, involving a complex integration of social, ecological and physical considerations. (See, e.g., N. Fairbrother, The Nature of Landscape Design as an Art Form, a Craft, a Social Necessity (1974); J. Simonds, Landscape Architecture  an Ecological Approach to Environmental Planning (1961).) In some instances, a major landscaping project would obviously entail the application of "a knowledge of the mathematical and natural sciences" to such crucial problems as water absorption and drainage. *59 Although there is nothing in the record to indicate that the defendants have ever undertaken such scientific labors, the use of the term "engineers" in the firm name implies that they have the capacity to do so. We are convinced that many members of the general public, in examining the landscapers listed in the telephone directory, would believe that "Classic Landscape Engineers" possessed judgment, knowledge and skills not possessed by firms which lacked the appellation "engineers." The broad language of the statute prohibiting "any title * * * or other description" implying that one not so registered, is a professional engineer, indicates a legislative intent that the statute be interpreted broadly, and applied wherever there is a likelihood that the public may be confused or misled. Under these circumstances, the record supports a finding that the use of this term implied that defendants were registered professional engineers.
The judgment of the circuit court of Du Page County is therefore affirmed.
Judgment affirmed.
SEIDENFELD and WOODWARD, JJ., concur.