CHARLES VAN BREEMEN, Plaintiff-Appellant, v. THE DEPARTMENT OF PROFESSIONAL REGULATION, Defendant-Appellee.

Second District   No. 3—97—0414

Opinion filed May 6, 1998.

Raymond P. Niro, Patrick F. Solon, and David J. Sheikh, all of Niro, Scavone, Haller & Niro, all of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Charles Van Breemen, appealed to the circuit court of Du Page County from an order of the Department of Professional Regulation (Department). The circuit court affirmed the Department. Plaintiff now appeals the judgment of the circuit court. We affirm.

In 1993, the Department solicited from plaintiff a brochure advertising his services as an expert witness. Plaintiff returned a letter and a resume detailing his education and work experience. In 1996, plaintiff received a rule to show cause from the Department, which stated, in part:

"Pursuant to the Illinois Professional Engineering Act, 225 ILCS 325/25, a Rule does hereby issue to Charles VanBreeman [sic] to show cause why the Department should not issue an Order to Cease and Desist for unlicensed practice of Professional Engineering by offering and practicing professional engineering, as shown by the attached resume and letter, in violation of 225 ILCS 325/39 and 40."

Plaintiff submitted an answer to the rule to show cause, denying that

he had engaged in the unlicensed practice of professional engineering, raising several constitutional arguments, and requesting discovery. No discovery was ordered and no hearing was held. Approximately one month later, the Department issued an order in which the Department found that plaintiff had failed to answer the rule to show cause to the Department's satisfaction and that plaintiff was engaged in the unlicensed practice of professional engineering in violation of sections 39 and 40 of the Professional Engineering Practice Act of 1989 (225 ILCS 325/39, 40 (West 1992)) (the Act). The Department then ordered plaintiff to cease and desist from engaging in the practice of engineering until he was properly licensed.

Plaintiff then brought a complaint for judicial review of the Department's decision in the circuit court of Du Page County, seeking a determination from the court that the Department's order was void and a vacation of the void order. The circuit court, after a hearing, affirmed the Department. This appeal followed.

Plaintiff first contends that the Department failed to make legally required findings. According to plaintiff, the Department's order is totally conclusory and not supported by factual findings. We disagree.

■ Section 25(c) of the Act provides in part that any rule to show cause issuing under the Act "shall clearly set forth the grounds relied upon by the Department." See 225 ILCS 325/25(c) (West 1992). The findings and conclusions of an administrative agency on questions of fact are held to be *prima facie* true and correct (735 ILCS 5/3—110 (West 1996)) and must be specific enough to enable courts to review the decision intelligently. See *Allied Delivery System, Inc. v. Illinois Commerce Comm'n*, 93 Ill. App. 3d 656, 664 (1981).

■ The Department's order found that plaintiff was not licensed to practice as a professional engineer in the State of Illinois and that he was "engaged in the practice of professional engineering in the State of Illinois by offering and practicing professional engineering, as shown by the resume and letter" sent by plaintiff to the Department. We conclude that the findings are adequate. The order clearly states that the Department relied upon the resume and letter sent by plaintiff as the basis for its decision and that the resume and letter held plaintiff out as a professional engineer. The Department's order contained the necessary factual findings.

■ Plaintiff next contends that he did not represent himself to be a licensed professional engineer. Plaintiff argues that his resume misrepresents nothing and truthfully states his education, qualifications and job titles.

Plaintiff misses the point of both the Act and the Department's cease and desist order. He need not misrepresent his qualifications

and experience in order to violate the Act. He merely has to practice, offer to practice, or attempt to practice professional engineering without a license. See 225 ILCS 325/39(b)(4) (West 1992). Professional engineering is "the application of science to the design of engineering systems and facilities using the knowledge, skills, ability and professional judgment developed through professional engineering education, training and experience." 225 ILCS 325/4(n) (West 1992). A person is construed to be practicing or offering to practice professional engineering if, among other things, he holds himself out as able to perform any service that is recognized as professional engineering practice. See 225 ILCS 325/4(o) (West 1992). Among the many examples of the practice of professional engineering provided in the statute is forensic engineering. See 225 ILCS 325/4(o) (West 1992).

Here, plaintiff's cover letter cites his experience in engineering, including design, product development, failure analysis, and investigative procedure, and boasts of his involvement in a case in which he determined the cause of the failure of a truck seat. Plaintiff's resume reiterates much of this, lists his educational exploits and employment history, and accentuates his forensic work and industrial failure investigations. In these two documents, plaintiff clearly holds himself out as able to perform many services recognized as professional engineering practices, especially forensic engineering. We conclude that the Department did not err in finding that plaintiff violated the Act by offering to practice and practicing professional engineering as shown in plaintiff's cover letter and resume.

■ Plaintiff next contends that the Department's order is an invalid prohibition of protected speech. Plaintiff first argues that sections 39(b)(5) and 40 of the Act bar speech that is only potentially misleading; according to plaintiff, the supreme court has held that states cannot ban commercial speech that is only potentially misleading.

Commercial speech is subject to state regulation. *Desnick v. Department of Professional Regulation*, 171 Ill. 2d 510, 518 (1996). Such speech may be regulated by means of appropriate time, place, and manner restrictions and where such speech is false or misleading or related to unlawful activity. *Desnick*, 171 Ill. 2d at 518. Where a particular content or method of advertising suggests that it is inherently misleading or where experience has shown that such advertising is subject to abuse, states may impose appropriate restrictions. *In re R.M.J.*, 455 U.S. 191, 203, 71 L. Ed. 2d 64, 74, 102 S. Ct. 929, 937 (1982).

While misleading advertising may be prohibited entirely, certain types of potentially misleading information may not be absolutely prohibited if the information may also be presented in a way that is not deceptive. *R.M.J.*, 455 U.S. at 203, 71 L. Ed. 2d at 74, 102 S. Ct. at 937. Furthermore, the restriction must be in proportion to a substantial interest and be designed carefully to meet the State's goal. *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 447 U.S. 557, 564, 65 L. Ed. 2d 341, 349-50, 100 S. Ct. 2343, 2350 (1980). A regulation will not stand if it provides only ineffective or remote support for the government's purpose or if the governmental interest could be served as well by a more limited restriction. *Central Hudson*, 447 U.S. at 564, 65 L. Ed. 2d at 350, 100 S. Ct. at 2350.

Here, the State's interest is clear; the practice of professional engineering has been determined to "affect the public health, safety, and welfare and to be subject to regulation and control in the public interest." 225 ILCS 325/1 (West 1992). Because the practice of professional engineering merits the public's confidence, only qualified persons are to be authorized to practice in this state. 225 ILCS 325/1 (West 1992).

We determine that the Act and the order issued pursuant to the Act are in proportion to the State's interest in allowing only qualified persons to practice professional engineering and provide effective support for that purpose. Furthermore, we conclude that plaintiff's literature is not only potentially misleading, it is, in fact, inherently misleading. Plaintiff's letter and resume tout his engineering background and describe his abilities and prior experience in areas that are specifically described in the definitions of "professional engineering" and "professional engineering practice" contained in the Act. See 225 ILCS 325/4(n), (o) (West 1992). Anyone reading plaintiff's literature would be misled to believe that plaintiff was a licensed professional engineer. Therefore, we conclude that the Department's order is not an unconstitutional prohibition of protected speech.

■ Plaintiff next contends that both the order and the Act are unconstitutionally vague. We disagree.

Plaintiff first argues that the Department's order is unconstitutionally vague because it does not notify him of any change in his resume or letter that would "satisfy the Department," and thus is a blanket prohibition on everything in the resume and letter. However, the order clearly states that, by using the resume and letter, plaintiff offered and practiced professional engineering. The Department is not required to rewrite plaintiff's resume for him. Nor is the Department required to inform plaintiff of methods to evade the statute. Plaintiff has been found to be practicing professional engineering

without a license. Plaintiff can eliminate the problem by procuring a license or by not practicing or offering to practice professional engineering.

Plaintiff then argues that the Act is unconstitutionally vague. First, plaintiff claims that sections 39(b)(5) and 40 of the Act place a blanket prohibition on the use of the title "engineer" without providing any standards for applying these sections. This court, in interpreting the Act in its incarnation prior to the current 1989 enaction, found in a similar prohibition of the use of the term "engineer" a "legislative intent that the statute be interpreted broadly, and applied wherever there is a likelihood that the public may be confused or misled." *People ex rel. Department of Registration & Education v. Hund*, 68 Ill. App. 3d 56, 59 (1979). Whether use of the word "engineer" implies that a person is engaged in the practice of professional engineering is a fact question to be determined by the circumstances of each case. *Hund*, 68 Ill. App. 3d at 58. Looking at the circumstances of that case, the court concluded that the record supported a finding that the use of the term "engineer" in the defendants' company title implied that the defendants were registered professional engineers. *Hund*, 68 Ill. App. 3d at 59. Here, plaintiff's letter and resume clearly describe engineering procedures and practices that are within the definitions of "professional engineering" and "professional engineering practice" set forth in the Act. We are convinced that anyone reading the letter or resume would reasonably believe that plaintiff was a licensed professional engineer, as his promotional literature touts his abilities to perform professional engineering services. Therefore, we conclude that the Act is not vague in its prohibition of the use of the title "engineer."

Plaintiff finally argues that the Act is unconstitutionally vague because it is so broad and indefinite that it is impossible to determine what aspects of engineering fall within the statute. We disagree.

Statutes are presumed to be constitutional, and all reasonable doubts are to be resolved in favor of the legislation. *Woodstock Hunt Club v. Hindi*, 291 Ill. App. 3d 1051, 1053 (1997). The party challenging a statute's constitutionality bears the burden of demonstrating the invalidity of the legislation. *Woodstock*, 291 Ill. App. 3d at 1053. A statute will be found unconstitutionally vague only if its terms are so ill-defined that the ultimate decision as to its meaning is left to the whims and opinions of the trier of fact rather than objective criteria or where no standard of conduct is specified at all. *People v. Burpo*, 164 Ill. 2d 261, 266 (1995.) Furthermore, a statute must not be so vague that men of common intelligence must guess at its meaning or application. *Burpo*, 164 Ill. 2d at 266.

Here, plaintiff has not sustained his burden of demonstrating the invalidity of the Act. The Act is as specific as possible in defining "professional engineering" and "professional engineering practice" and provides dozens of specific examples of such practice. See 225 ILCS 325/4(n), (o) (West 1992). The meaning of these terms is not left up to the whims of a fact finder and does not require guesswork as to its application. We conclude that the Act is not unconstitutionally vague.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

GEIGER, P.J., and RATHJE, J., concur.