No.  2--03--1322

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

CORINNE THOMPSON, Indiv. and as ) Appeal from the Circuit Court

Independent Administrator of the Estate ) of Lake County.

of Trevor Thompson, Deceased, and as )

Independent Administrator of the Estate of )

Amber Thompson, Deceased, )

)

Plaintiff-Appellant, )

)

v. ) No.  98--L--945

)

CHRISTIE GORDON; GRAND AVENUE )

PROPERTIES, INC.; GURNEE MILLS )

(MLP) LIMITED PARTNERSHIP, f/k/a )

Gurnee Mills Limited Partnership; GURNEE )

PROPERTIES ASSOCIATED LIMITED )

PARTNERSHIP; WESTERN )

DEVELOPMENT CORPORATION; )

THE MILLS CORPORATION; )

THE MILLS LIMITED PARTNERSHIP; )

GURNEE MILLS II LLC; and GURNEE     )

MILLS LLC, ) 

) 

Defendants ) 

) The Honorable

(Jack E. Leisch and Associates, Inc.; and ) Stephen E. Walter,

CH2M Hill, Inc., Defendants-Appellees). ) Judge, Presiding.

______________________________________________________________________________

JUSTICE HUTCHINSON delivered the opinion of the court:

This matter comes before the court as an interlocutory appeal brought pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308).  Plaintiff, Corinne Thompson, individually and as independent administrator of the estates of Trevor Thompson and Amber Thompson, both deceased, appeals the trial court's order striking the affidavit of her retained opinion witness, Andrew Ramisch, an engineer not licensed in the State of Illinois.  For the reasons that follow, we decline to answer the first certified question, we answer the second certified question, and we reverse and remand.

Following a fatal motor vehicle collision in Gurnee that occurred in November 1998, plaintiff initiated a cause of action against defendants, Christie Gordon, Grand Avenue Properties, Inc., Gurnee Mills (MLP) Limited Partnership, f/k/a Gurnee Mills Limited Partnership, Gurnee Properties Associated Limited Partnership, Western Development Corporation, Jack E. Leisch & Associates, Inc. (Leisch), CH2M Hill, Inc. (CH2M), The Mills Corporation, The Mills Limited Partnership, Gurnee Mills II LLC, and Gurnee Mills LLC.  As amended, plaintiff's complaint included allegations of improper roadwork at or near the accident site.  Plaintiff alleged that defendants, specifically Leisch and CH2M, had a duty to exercise reasonable care in designing the roadway near the accident site and that their failure to do so proximately caused plaintiff's injuries and the deaths of Trevor and Amber Thompson.

In November 2002, defendants Leisch and CH2M moved for summary judgment (see 735 ILCS 5/2--1005 (West 2002)).  In response to their motion, plaintiff submitted the affidavit of Andrew Ramisch, plaintiff's expert opinion witness retained pursuant to Supreme Court Rule 213 (177 Ill. 2d R. 213).  According to his curriculum vitae, Ramisch is a civil engineer, licensed in the District of Columbia, with approximately 30 years' experience in the analysis, design, and construction of roadways.  In his affidavit, Ramisch opined that CH2M failed to meet the standard of care in designing the roadway that was at or near the site of the accident.  Thereafter, in January 2003, defendants Leisch and CH2M moved the trial court to strike Ramisch's affidavit, arguing that Ramisch was not qualified to render a professional opinion because he was not licensed as a professional engineer in Illinois pursuant to the Illinois Professional Engineering Practice Act of 1989 (the Engineering Act) (225 ILCS 325/1 
et seq.
 (West 2002)).  Defendants relied on this court's opinion in 
Van Breemen v. Department of Professional Regulation
, 296 Ill. App. 3d 363 (1998), in support of their motion to strike.

The trial court conducted a hearing and, following the arguments of the parties, granted defendants' motion to strike.  In September 2003, plaintiff moved to reconsider the trial court's decision to strike Ramisch's affidavit.  The trial court denied plaintiff's motion to reconsider but granted plaintiff's subsequent motion for interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), and certified the following questions:

"Whether the work of an engineer, unlicensed in the State of Illinois, as an Illinois Supreme Court Rule 213(f) retained opinion witness in a litigated matter in the State of Illinois, constitutes the unlicensed practice of professional engineering under the Illinois Professional Engineering Act (225 ILCS 325/1 (1992))"; and

"Whether 
Van Breemen v. Department of Regulation
, 296 Ill. App. 3d 363 *** (2nd Dist. 1998) controls the issue of whether a trial court strikes, on motion, the affidavit of an Illinois Supreme Court Rule 213(f) retained opinion witness, retained in a litigated matter in the State of Illinois, where the opinion witness is not licensed in the State of Illinois."

Plaintiff timely filed an application for leave to appeal, and this court granted the application.  We now address the certified questions presented, reverse the trial court's order, and remand.

This court's examination in an interlocutory appeal is strictly limited to the questions certified by the trial court and, as with all questions of law, is a 
de novo
 review.  
In re Consolidated Objections to Tax Levies of School District No. 205
, 306 Ill. App. 3d 1104, 1107 (1999), citing 
Lanxon v. Magnus
, 296 Ill. App. 3d 377, 379 (1998).  Thus, our task is to answer the certified questions rather than to rule on the propriety of any underlying order.  
P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.
, 345 Ill. App. 3d 992, 998 (2004), citing 
Danner v. Norfolk & Western Ry. Co.
, 271 Ill. App. 3d 598, 601 (1995).  In the interests of judicial economy and reaching an equitable result, however, a reviewing court may go beyond the certified questions and consider the appropriateness of the order giving rise to the appeal.  
P.J.'s Concrete Pumping Service
, 345 Ill. App. 3d at 998-99, citing 
Bright v. Dicke
, 166 Ill. 2d 204, 208 (1995).

In the present case, the first question we are called upon to consider is whether the work of an engineer who is retained as a Rule 213(f) opinion witness constitutes the unlicensed practice of professional engineering under the Engineering Act when the engineer is unlicensed in Illinois.  We are unable to answer this first question for a number of reasons.  First, the parties do not attempt to explain how the first question involves a question of law that is governed by conflicting authority, and second, they do not explain how entertaining an immediate appeal of this question will materially advance the ultimate termination of the litigation.  See 155 Ill.2d R. 308(a).  These insufficiencies render the first question unsuitable for our review.

Third, and perhaps most important, the initial determination of what constitutes the unlicensed practice of engineering in Illinois is relegated, not to the appellate court, but to the Department of Professional Regulation.  See 20 ILCS 2105/2105--1 
et seq.
 (West 2002); 225 ILCS 325/1 
et seq.
 (West 2002).  In section 5--15 of the Civil Administrative Code of Illinois (20 ILCS 5/5--15 (West 2002)), the legislature created the Department of Professional Regulation (the Department) as a department of state government.  In article 2105 of the Civil Administrative Code of Illinois (the Department of Professional Regulation Law) (20 ILCS 2105/2105--1 
et seq.
 (West 2002)), the legislature set out the powers and duties of the Department.  In section 2105--10 of the Department of Professional Regulation Law, the legislature declared:

"The practice of the regulated professions *** is hereby declared to affect the public health, safety, and welfare of the People of this State and in the public interest is subject to regulation and control by the Department of Professional Regulation.

It is further declared to be a matter of public interest and concern that standards of competency and stringent penalties for those who violate the public trust be established to protect the public from unauthorized or unqualified persons representing one of the regulated professions ***."  20 ILCS 2105/2105--10 (West 2002).

The powers and duties of the Department include passing upon the qualifications of applicants for licenses; conducting hearings or taking other disciplinary action as authorized in any licensing act administered by the Department with regard to licenses of persons exercising the respective professions; and formulating rules and regulations for the enforcement of any act administered by the Department.  See 20 ILCS 2105/2105--15 (West 2002).  In section 2105--75 of the Department of Professional Regulation Law (20 ILCS 2105/2105--75 (West 2002)), the legislature specifically established "design professionals dedicated employees," who "shall be devoted exclusively to the administration and enforcement" of, among others, the Engineering Act (225 ILCS 325/1 
et seq.
 (West 2002)).

Accordingly, the Engineering Act is a legislative enactment created under the aegises of the Department of Professional Regulation Law and the Civil Administrative Code of Illinois.  See 20 ILCS 5/5--15 (West 2002); 20 ILCS 2105/2105--10 (West 2002).  The Engineering Act provides for the comprehensive regulation of the practice of professional engineering and sets forth, 
inter alia
, definitions and examples of the practice of professional engineering; educational qualifications for professional engineers; authorization for an agency charged with administering the provisions of the Engineering Act; provisions for the examination of qualified applicants; and provisions for discipline and punishment.  225 ILCS 325/1 
et seq.
 (West 2002); 
Miller v. Department of Professional Regulation
, 276 Ill. App. 3d 133, 137 (1995).  To be more specific, section 5 of the Engineering Act provides in relevant part:

"Subject to the provisions of this Act, the Department [of Professional Regulation] shall exercise the following functions, powers and duties:

(a) To pass upon the qualifications and conduct examinations of applicants for licensure ***.

* * *

(d) To conduct investigations and hearings regarding violations of this Act and take disciplinary or other actions as provided in this Act as a result of the proceedings.

***

(f) To promulgate rules required for the administration of this Act, including rules of professional conduct."  225 ILCS 325/5 (West 2002).

Section 24(a) of the Engineering Act provides that the "Department shall adopt rules setting standards of professional conduct and establish appropriate penalty for the breach of such rules."  225 ILCS 325/24(a) (West 2002).  Following an administrative decision rendered in a particular case affecting the legal rights, duties, or privileges of a party, this court may entertain an appeal brought pursuant to the Administrative Review Law (735 ILCS 5/3--101 
et seq.
 (West 2002)).  225 ILCS 325/37 (West 2002).

In the present case, defendants Leisch and CH2M moved the trial court to strike Ramisch's affidavit based on his lack of an Illinois license.  The first certified question asks whether the work of an engineer who is retained as an opinion witness constitutes the unlicensed practice of professional engineering under the Engineering Act when the engineer is unlicensed in Illinois.  On our review of the Civil Administrative Code of Illinois, the Department of Professional Regulation Law, and the Engineering Act, this reviewing court does not act in an administrative capacity to make such determinations.  Rather, we believe it is within the province of the Department of Professional Regulation to determine what constitutes the unlicensed practice of professional engineering under the Engineering Act.  Accordingly, we decline to answer the first certified question.  See 
Dowd & Dowd, Ltd. v. Gleason
, 181 Ill. 2d 460, 470 (1998) (declining to answer a certified question given the provisional nature of the inquiry, the importance of the issue involved, and the absence of a fully developed factual record).

The second certified question asks whether 
Van Breemen
, 296 Ill. App. 3d 363, controls the issue of whether a trial court strikes, on motion, the affidavit of a Rule 213(f) retained opinion witness who is not licensed in the State of Illinois.  In 
Van Breemen
, the Department of Professional Regulation solicited from the plaintiff a brochure that advertised his services as an expert witness.  The plaintiff responded, detailing his education and work experience, which included engineering design, product development, failure analysis, and investigative procedure, and accentuating his forensic work and industrial-failure investigations.  
Van Breemen
, 296 Ill. App. 3d at 366.  Thereafter, the Department initiated a rule to show cause against the plaintiff to cease and desist from the unlicensed practice of professional engineering.  
Van Breemen
, 296 Ill. App. 3d at 364.  Following the receipt of the plaintiff's answer to the rule, the Department found that the plaintiff had failed to answer the rule to its satisfaction, and it concluded that the plaintiff was engaged in the unlicensed practice of professional engineering.  
Van Breemen
, 296 Ill. App. 3d at 364-65.  The Department ordered the plaintiff to cease and desist from the unlicensed practice of professional engineering.  
Van Breemen
, 296 Ill. App. 3d at 365.  The plaintiff then brought a complaint for judicial review of the administrative decision, and the trial court affirmed the Department's cease and desist order.  
Van Breemen
, 296 Ill. App. 3d at 365.  In affirming the trial court's judgment, we reviewed, 
inter alia
, the sufficiency of the Department's findings and the validity of its conclusions.

The 
Van Breemen
 decision has nothing to do with the issue of whether a trial court should strike the affidavit of a retained opinion witness.  The 
Van Breemen
 decision did not reflect on the plaintiff's competency as an engineer.  It had nothing to do with his qualifications as a retained expert witness.  The issue of whether the plaintiff in 
Van Breemen
 was competent to act as an expert was not even before the reviewing court.  Rather, 
Van Breemen
 was a judicial review, following a cease and desist order, of an administrative agency's findings and decision that the plaintiff had violated provisions of the Engineering Act by holding himself out as a professional engineer and offering  to perform professional engineering services, especially forensic engineering.  The present case, however, comes to this court, not on judicial review of an administrative decision, but, rather, on a ruling to strike the affidavit of an expert opinion witness.  Furthermore, Ramisch is a professional engineer--and duly licensed--only not in this state.  Accordingly, we determine that the 
Van Breemen
 case does not control the issue of whether a trial court strikes, on motion, the affidavit of a Rule 213(f) retained opinion witness, where the opinion witness is not licensed in the State of Illinois.  We therefore answer the second certified question in the negative.

In 
Snelson v. Kamm
, 204 Ill. 2d 1 (2003), our supreme court discussed the applicable law regarding expert witnesses, stating:

"The decision of whether to admit expert testimony is within the sound discretion of the trial court [citation], and a ruling will not be reversed absent an abuse of that discretion [citation].  Expert testimony is admissible if the proffered expert is qualified by knowledge, skill, experience, training, or education, and the testimony will assist the trier of fact in understanding the evidence.  [Citation.]"  
Snelson
, 204 Ill. 2d at 24.

Expert testimony therefore is proper if the evidence offers " 'knowledge and application of principles of science beyond the ken of the average juror.' "  
Zavala v. Powermatic, Inc.
, 167 Ill. 2d 542, 546 (1995), quoting 
Plank v. Holman
, 46 Ill. 2d 465, 471 (1970).

In the present case, defendants Leisch and CH2M moved the trial court to strike Ramisch's affidavit, arguing that Ramisch was not qualified to render a professional opinion because he was not licensed as a professional engineer pursuant to the Engineering Act.  The record reflects that Ramisch is a civil engineer, licensed in the District of Columbia, with approximately 30 years' experience in the analysis, design, and construction of roadways.  Licensure with the State of Illinois pursuant to the Engineering Act is not required to render an expert opinion; rather, the witness must be deemed to be an "expert," or have the experience and qualifications to assist the trier of fact.  See 
Snelson
, 204 Ill. 2d at 24; 
Zavala
, 167 Ill. 2d at 546.  The lack of an Illinois professional engineering license goes to the weight of Ramisch's testimony, not his competency.  See 
Buford v. Chicago Housing Authority
, 131 Ill. App. 3d 235, 244 (1985) (allowing a witness to testify as an expert concerning elevator safety despite the witness's lack of knowledge or experience with elevator design, maintenance, repair, installation, applicable safety codes, union requirements respecting elevator mechanics, or day-to-day practices of elevator mechanics); see also 
Ralston v. Plogger
, 132 Ill. App. 3d 90, 98-99 (1985).

As we previously stated, in the interests of judicial economy and reaching an equitable result, a reviewing court may go beyond the certified questions and consider the appropriateness of the order giving rise to the appeal.  
P.J.'s Concrete Pumping Service
, 345 Ill. App. 3d at 998-99, citing 
Bright
, 166 Ill. 2d at 208.  Here, the order giving rise to the appeal arose from the trial court's decision to grant defendants' motion to strike the affidavit of Ramisch because he lacked an Illinois professional engineering license.  We must now reverse that decision, holding that the trial court abused its discretion when it struck Ramisch's affidavit on the basis that he lacked an Illinois license.

In summary, we decline to answer the first certified question, and we answer the second certified question in the negative.  Accordingly, the order of the circuit court of Lake County striking Ramisch's affidavit is reversed and the cause is remanded for further proceedings.

First certified question not answered; second certified question answered; order reversed and cause remanded.

BYRNE and GILLERAN JOHNSON, JJ., concur.