Docket No. 100600.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

CORINNE THOMPSON, Appellee, v. CHRISTIE GORDON *et al.*

(Jack E. Leisch *et al.*, Appellants).

*Opinion filed June 2, 2006.*

CHIEF JUSTICE THOMAS delivered the judgment of the court, with opinion.

Justices Freeman, McMorrow, Fitzgerald, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

**OPINION**

At issue in this case is whether a civil engineer must be licensed in Illinois pursuant to the Professional Engineering Practice Act of 1989 (the Engineering Act) (225 ILCS 325/1 *et seq.* (West 2002)), in order to testify as an Illinois Supreme Court Rule 213 (177 Ill. 2d R. 213) retained opinion witness in an Illinois civil action. The circuit court of Lake County held that an engineer must be licensed in the State of Illinois to participate as an expert witness in litigation pending in Illinois. The appellate court reversed. 356 Ill. App. 3d 447. For the following reasons, we affirm the appellate court.

BACKGROUND

On November 27, 1998, Christie Gordon was driving eastbound on State Route 132 in Gurnee, Illinois, when she swerved to avoid another vehicle. Gordon's vehicle then crossed the raised median and collided with a westbound vehicle driven by Trevor Thompson. Corinne Thompson and Amber Thompson were passengers in that vehicle. Trevor Thompson and Amber Thompson died as a result of the collision. Corinne Thompson, individually and as independent administrator of the estates of Trevor Thompson and Amber Thompson, filed suit against defendants Christie Gordon, Grand Avenue Properties, Inc., Gurnee Mills (MLP) Limited Partnership, f/k/a Gurnee Mills Limited Partnership, Gurnee Properties Associated Limited Partnership, Western Development Corporation, Jack E. Leisch & Associates, Inc. (Leisch), CH2M Hill, Inc. (CH2M), The Mills Corporation, The Mills Limited Partnership, Gurnee Mills II LLC, and Gurnee Mills LLC. Leisch and CH2M were designers of the intersection of I-94 and Route 132 in Gurnee. Thompson alleged that defendants Leisch and CH2M were negligent in, *inter alia*, failing to provide a median barrier warrant analysis in their design proposal for improvements to the Route 132/I-94 interchange, failing to consider the necessity of crossover protection on the bridge deck, including a Jersey barrier, and failing to design a barrier median to separate roadway traffic at the Route 132/I-94 interchange.

Defendants Leisch and CH2M (hereinafter defendants) filed a motion for summary judgment. Defendants argued that the uncontroverted facts did not give rise to any duty owed by defendants to plaintiff because the work contracted for by defendants did not require median barrier analysis or design as claimed by plaintiff, and the design work did not encompass the area of the accident. Plaintiff filed her response to defendants' motion for summary judgment, including the affidavit of Andrew Ramisch, plaintiff's Supreme Court Rule 213 (177 Ill. 2d R. 213) expert witness. Ramisch's affidavit stated that he was a civil engineer and had been actively involved in the analysis, design and construction of roadways, including highways, for over 30 years. Ramisch's opinion was that defendants failed to meet the ordinary standard of care, including failing to design a Jersey median barrier over the bridge of Route 132. Had defendants performed the engineering work within the standard of care, it is more probable than not that a Jersey barrier would have been designed and constructed and would have prevented Gordon's vehicle from crossing into the westbound lanes of Route 132 and colliding with the Thompson vehicle. Attached to Ramisch's affidavit was his *curriculum vitae*. According to Ramisch's *curriculum vitae*, Ramisch received his Bachelor of Science in Civil Engineering in 1968, and received his Master of Science in Civil Engineering in 1974. Ramisch was licensed as a professional engineer in the District of Columbia.

On January 30, 2003, defendants filed a motion to strike Ramisch's affidavit on the ground that Ramisch was not qualified to render professional engineering services, including forensic engineering services, in the State of Illinois, and that Ramisch was in violation of the Engineering Act. Citing the appellate court's decision in *Van Breemen v. Department of Professional Regulation*, 296 Ill. App. 3d 363 (1998), defendants argued that because Ramisch was not licensed as a professional engineer in Illinois, he could not give opinions in this case. In response, plaintiff denied that *Van Breemen* supported defendants' motion to strike.

Following a hearing, the trial court granted defendants' motion to strike. In granting the motion, the trial court held that

unless an engineer is licensed in the State of Illinois, the engineer cannot participate as an expert witness in any pending litigation in the State of Illinois because such participation would constitute the practice of professional engineering without a license in violation of section 39(b)(4) of the Engineering Act (225 ILCS 325/39(b)(4) (West 2002)) and *Van Breemen*. Plaintiff then filed a motion to reconsider, submitting that the trial court had erred in its construction of the Engineering Act. The trial court denied plaintiff's motion to reconsider, but granted plaintiff's subsequently filed motion for interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). The trial court certified two questions for interlocutory appeal:

> "1. Whether the work of an engineer, unlicensed in the State of Illinois, as an Illinois Supreme Court Rule 213(f) retained opinion witness in a litigated matter in the State of Illinois, constitutes the unlicensed practice of professional engineering under the Illinois Professional Engineering Act (225 ILCS 325/1 (1992)); and

> 2. Whether *Van Breemen v. Department of Regulation*, 296 Ill. App. 3d 363, 694 N.E.2d 688 (2nd Dist. 1998) controls the issue of whether a trial court strikes, on motion, the affidavit of an Illinois Supreme Court Rule 213(f) retained opinion witness, retained in a litigated matter in the State of Illinois, where the opinion witness is not licensed in the State of Illinois."

The appellate court granted plaintiff's application for leave to appeal. On appeal, the appellate court declined to answer the first certified question, holding that the initial determination of what constitutes the unlicensed practice of engineering in Illinois is relegated to the Illinois Department of Financial and Professional Regulation, not to the appellate court. *Thompson v Gordon*, 349 Ill. App. 3d 923, 928 (2004) (*Thompson I*). With regard to the second certified question, the appellate court held that *Van Breemen* did not control and that an engineer could testify in Illinois without an Illinois license as a Rule 213 retained opinion witness. *Thompson I*, 349 Ill. App. 3d at 929. The appellate court therefore reversed the trial court's order

˘4˘

striking Ramisch's affidavit and remanded to the trial court for further proceedings. *Thompson I*, 349 Ill. App. 3d at 930.

Defendants then filed a petition for rehearing, and later moved for leave to supplement their petition for rehearing with a copy of a rule to show cause issued to Ramisch by the Illinois Department of Financial and Professional Regulation (the Department) on June 21, 2004. The rule to show cause directed Ramisch to show cause why the Department should not issue an order to cease and desist from the unlicensed practice of professional engineering, including providing consultation and evaluation of an engineering system and offering to provide forensic engineering services. The appellate court denied the motion to supplement and denied the petition for rehearing.

Defendants then filed a petition for leave to appeal in this court. On September 22, 2004, while defendants' petition for leave to appeal was pending, the Department issued a cease and desist order against Ramisch and his corporation barring him from testifying as a professional engineer without an Illinois license. The cease and desist order found that Ramisch was not licensed in Illinois but was engaged in the practice of professional engineering in the State of Illinois for which an Illinois license is required. The cease and desist order stated that:

> "[a]n expert witness providing opinion testimony which involves the consultation on, investigation and analysis of an engineering system when such consultation, investigation and analysis requires extensive knowledge of engineering laws, formulae, materials, practice, and construction methods constitutes the practice of professional engineering, in specific forensic engineering."

The cease and desist order further found that the "services being offered and provided by [Ramisch] are the practice of professional engineering, including specifically forensic engineering."

On November 24, 2004, this court denied defendants' petition for leave to appeal, but issued a supervisory order

directing the appellate court to vacate its judgment in the case, to permit defendants to file a certified copy of the September 22, 2004, cease and desist order entered by the Department against Ramisch, and to reconsider its judgment in light of the cease and desist order. *Thompson v. Gordon*, 212 Ill. 2d 555 (2004) (supervisory order).

Pursuant to this court's supervisory order, the appellate court vacated its prior opinion and filed a new opinion. 356 Ill. App. 3d 447 (*Thompson II*). The appellate court again declined to answer the first certified question, stating that the initial determination of what constitutes the unlicensed practice of engineering in Illinois is relegated to the Department and not to the appellate court. 356 Ill. App. 3d at 453. With regard to the second certified question, the appellate court again held that the *Van Breemen* decision did not control the issue of whether a trial court should strike the affidavit of a retained opinion witness. 356 Ill. App. 3d at 456. The appellate court noted that the issue of whether the plaintiff in *Van Breemen* was competent to act as an expert was not before the reviewing court, nor did the *Van Breemen* decision address that plaintiff's competency as an engineer. 356 Ill. App. 3d at 454. Rather, the *Van Breemen* case came before the court on judicial review of an administrative decision following the Department's issuance of a cease and desist order. 356 Ill. App. 3d at 454. The appellate court further held that the Department's cease and desist order in this case did not alter its analysis or decision. 356 Ill. App. 3d at 455. The appellate court rejected defendants' suggestion that the cease and desist order should control the decisions of the trial and appellate courts, finding that an administrative body's decision is not an adequate substitute for judicial review. 356 Ill. App. 3d at 455. The appellate court held that the cease and desist order was relevant evidence, but was not binding on the trial court in considering whether to allow Ramisch to testify as an expert witness. 356 Ill. App. 3d at 456.

The *Thompson II* court explained that the case concerned the trial court's authority to admit expert testimony. 356 Ill. App. 3d at 457. The appellate court held that Ramisch's lack of an Illinois license went to the weight of his testimony, not his

competency as an expert witness. 356 Ill. App. 3d at 459. The appellate court noted that this court has established that expert testimony is proper if the expert is qualified by knowledge, skill, experience, training, or education, and the expert's testimony will assist the trier of fact in understanding the evidence. 356 Ill. App. 3d at 457, quoting *Snelson v. Kamm*, 204 Ill. 2d 1, 24 (2003). The *Thompson II* court acknowledged that the legislature had set out what constitutes the practice of engineering in the Engineering Act, but held that:

> "The trial court's gatekeeping function is to determine whether an individual is qualified to be an expert, not merely by determining whether that individual took an exam and can display a piece of paper showing a passing mark, but by reviewing the individual's credentials, experience, and knowledge of the subject matter. [Citation.] The trial court's function is also to determine whether that expert's testimony would assist the trier of fact." 356 Ill. App. 3d at 460.

The *Thompson II* court then went beyond the certified question to consider the propriety of the trial court's underlying order and found that the trial court had abused its discretion in striking Ramisch's affidavit because the trial court had based its decision on an incorrect view of the law. 356 Ill. App. 3d at 461. The trial court failed to recognize the legal principles concerning the admission of expert testimony when it struck Ramisch's affidavit on the basis that Ramisch lacked an Illinois license. 356 Ill. App. 3d at 461. The appellate court therefore reversed the circuit court's order striking Ramisch's affidavit and remanded the cause for further proceedings. 356 Ill. App. 3d at 461-62.

This court allowed defendants' petition for leave to appeal. 177 Ill. 2d R. 315. This court also allowed the Illinois Department of Financial and Professional Regulation–Division of Professional Regulation, and the Illinois Society of Professional Engineers and American Council of Engineering Companies of Illinois leave to file briefs as *amici curiae* in support of defendants. 155 Ill. 2d R. 345.

ANALYSIS

At the outset, we note that the appellate court was correct in declining to address the first certified question. The first certified question asked whether the work of an engineer unlicensed in the State of Illinois as a Rule 213(f) retained opinion witness in a litigated matter in the state constitutes the unlicensed practice of engineering under the Engineering Act. As the appellate court found, the initial determination of that question is properly relegated to the Department.

The Department of Professional Regulation (see 225 ILCS 325/1 *et seq.* (West 2002)) was created by the legislature in section 5–15 of the Civil Administrative Code of Illinois (20 ILCS 5/5–15 (West 2002)) as a department of state government. Section 2105–75 of the Department of Professional Regulation Law (20 ILCS 2105/2105–75 (West 2002), specifically established "design professionals dedicated employees" who "shall be devoted exclusively to the administration and enforcement" of, *inter alia*, the Engineering Act. The Engineering Act, in turn, provides for a comprehensive regulation of the practice of professional engineering, empowering the Department to pass upon the qualifications and to conduct examinations of applicants for licensure as professional engineers; to conduct investigations and hearings regarding violations of the Engineering Act and to take disciplinary or other actions as provided in the Engineering Act; and to promulgate rules for the administration of the Engineering Act (225 ILCS 325/5(a), (d), (f) (West 2002)). Consequently, the appellate court was correct that it is within the province of the Department and not a reviewing court to initially determine what constitutes the unlicensed practice of professional engineering.

Defendants then argue that, upon remand following this court's supervisory order, the appellate court erred in again declining to answer the first certified question because on remand, the Department's cease and desist order rendered the first certified question moot. Defendants assert that the Department's cease and desist order conclusively established that Ramisch had practiced professional engineering without a license when he testified by affidavit. Because Ramisch did not

appeal the cease and desist order, that order is final. Consequently, the Department's cease and desist order settled the first question certified by the circuit court in this case.

In *Thompson II*, the appellate court explained that despite the Department's cease and desist order finding that Ramisch had engaged in the unlicensed practice of professional engineering under the Engineering Act, its jurisdiction to consider the first certified question had not been triggered because the court's jurisdiction could be effected only in accordance with the Administrative Review Law (735 ILCS 5/3–101 *et seq.* (West 2002)). 356 Ill. App. 3d at 453. We agree with the appellate court.

Pursuant to the Illinois Constitution of 1970, final judgments from the circuit courts are appealable as a "matter of right," but final administrative decisions are appealable only "as provided by law." Ill. Const. 1970, art. VI, §§6, 9. The Administrative Review Law provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision ***." 735 ILCS 5/3–103 (West 2002). Further, unless review of an administrative decision is sought within the time and manner provided for in the Administrative Review Law, "the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3–102 (West 2002). If administrative review is not sought within the time allowed under the Act, "such decision shall not be subject to judicial review" under the Act, except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter. 735 ILCS 5/3–102 (West 2002).

In this case, Ramisch did not seek review of the Department's cease and desist order. Consequently, the cease and desist order was not subject to judicial review. We further note that even if Ramisch had sought judicial review of the Department's cease and desist order, this court still would not have jurisdiction over an appeal of that case, absent an order consolidating such an appeal with this case, as judicial review

of an administrative order is a separate proceeding from an appeal in a civil case. The appellate court in *Thompson II*, therefore, properly held that its jurisdiction to consider the first certified question in light of the cease and desist order had not been triggered. 356 Ill. App. 3d at 453. For that same reason, we reject defendants' claim that the first certified question is moot. The issue raised in the first certified question simply is not before this court. In addition, because the issue raised in the first certified question is not before this court, we need not address the arguments of defendants and *amici* concerning the Engineering Act, whether forensic engineering as set forth in the Engineering Act includes testifying in a case, and whether Ramisch was practicing professional engineering without a license.

Defendants then argue that, because the Department's cease and desist order was a final order and conclusively established that Ramisch cannot testify in this case without an Illinois license, Ramisch was not qualified to testify as an expert witness.

Defendants are correct that the cease and desist order is a final order. Contrary to defendants' assertions, however, the Department's finding that Ramisch violated the Engineering Act by practicing engineering without an Illinois license is not dispositive of the issue before this court. The narrow issue before this court is whether licensure as a professional engineer is a prerequisite to testifying as an expert witness in a civil case, and whether the *Van Breemen* decision controls that issue. Because this issue concerns a question of law certified by the circuit court pursuant to Supreme Court Rule 308, our review is *de novo*. *In re M.M.D.*, 213 Ill. 2d 105, 113 (2004).

In *Van Breemen*, the Department solicited from the plaintiff a brochure advertising his services as an expert witness, so the plaintiff sent the Department a letter and his resume. *Van Breemen*, 296 Ill. App. 3d at 364. Thereafter, the Department sent the plaintiff a rule to show cause why the Department should not issue a cease and desist order for the plaintiff's unlicensed practice of professional engineering. *Van Breemen*, 296 Ill. App. 3d at 364. The plaintiff did not answer the rule to show cause to the Department's satisfaction, so the

Department ordered the plaintiff to cease and desist from engaging in the practice of engineering until he was licensed. *Van Breemen*, 296 Ill. App. 3d at 365. The Department found that the plaintiff was not licensed to practice as a professional engineer in the State of Illinois and was engaged in the practice of professional engineering as shown by his resume and letter. *Van Breemen*, 296 Ill. App. 3d at 365. The circuit court confirmed the Department's order and the plaintiff appealed. *Van Breemen*, 296 Ill. App. 3d at 365.

The appellate court affirmed the judgment of the circuit court. The appellate court rejected the plaintiff's claim that he did not represent himself to be a licensed professional engineer. *Van Breemen*, 296 Ill. App. 3d at 365. The appellate court noted that "[a] person is construed to be practicing or offering to practice professional engineering if, among other things, he holds himself out as able to perform any service that is recognized as professional engineering practice." *Van Breemen*, 296 Ill. App. 3d at 366. Included in the examples of professional engineering is forensic engineering. *Van Breemen*, 296 Ill. App. 3d at 366. The appellate court concluded that the Department did not err in finding that the plaintiff had violated the Engineering Act, noting that the plaintiff's resume accentuated the plaintiff's forensic work and industrial failure investigations, thereby holding the plaintiff out as able to perform many services recognized as professional engineering practices, especially forensic engineering. *Van Breemen*, 296 Ill. App. 3d at 366.

Defendants contend that Ramisch's conduct in the present case closely parallels Van Breemen's conduct. In both cases, the Department found that Ramisch and Van Breemen practiced professional engineering without a license and ordered both Ramisch and Van Breemen to cease and desist from their unlicensed activities. Defendants claim that the only difference between the two engineers is that Van Breemen merely advertised his skills as an expert, whereas Ramisch actually testified as an expert. Defendants assert that if Van Breemen could not even offer his services without a license, it follows that Ramisch cannot deliver his services without a license.

Although Ramisch's conduct may closely parallel Van Breemen's conduct, the appellate court was correct that the *Van Breemen* decision does not control the issue of whether a trial court should strike an affidavit of a Rule 213 retained opinion witness who is not licensed in the State of Illinois. Had Ramisch sought judicial review of the Department's cease and desist order, the *Van Breemen* decision likely would have been dispositive of his case. However, whether the plaintiff in *Van Breemen* was qualified to act as an expert witness was not before that court. As the appellate court observed, the issue in this case concerns the authority of a trial court to determine whether, to what extent, and under what circumstances it should allow an expert to testify. 356 Ill. App. 3d at 457. With regard to that issue, *Van Breemen* is inapposite.

For the same reason, we reject defendants' claim that the decision in *Miller v. Department of Professional Regulation*, 276 Ill. App. 3d 133 (1995), controls this case. *Miller* also came before the court for judicial review of an administrative decision where the Department issued a cease and desist order directing the plaintiff to refrain from engaging in the unlicensed practice of professional engineering. *Miller*, 276 Ill. App. 3d at 135. Defendants contend that the *Miller* analysis applies to this case and establishes that the legislature intentionally included forensic engineering within the definition of professional engineering when the legislature wrote the 1989 Engineering Act. Defendants claim that Ramisch, like Miller, is bound by the Engineering Act and must be licensed before he can engage in and practice professional engineering in Illinois. However, like the court in *Van Breemen*, the court in *Miller* did not address whether the plaintiff in that case was competent to testify as a retained expert witness. The *Miller* decision, therefore, has no application to the present case.

With regard to expert testimony, it is well settled that the decision whether to admit expert testimony is within the sound discretion of the trial court. *Snelson v. Kamm*, 204 Ill. 2d 1, 24 (2003). A person will be allowed to testify as an expert if his experience and qualifications afford him knowledge that is not common to laypersons, and where his testimony will aid the trier of fact in reaching its conclusions. *People v. Miller*, 173 Ill.

2d 167, 186 (1996). "There is no predetermined formula for how an expert acquires specialized knowledge or experience and the expert can gain such through practical experience, scientific study, education, training or research." *Miller*, 173 Ill. 2d at 186. Thus, "[f]ormal academic training or specific degrees are not required to qualify a person as an expert; practical experience in a field may serve just as well to qualify him." *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 459 (1992). An expert need only have knowledge and experience beyond that of an average citizen. *Miller*, 173 Ill. 2d at 186. Expert testimony, then, is admissible "if the proffered expert is qualified by knowledge, skill, experience, training, or education, and the testimony will assist the trier of fact in understanding the evidence." *Snelson*, 204 Ill. 2d at 24.

Based upon the foregoing, we find that the appellate court was correct in determining that licensure with the State of Illinois pursuant to the Engineering Act is not a mandatory prerequisite to rendering an expert opinion. Relevant considerations in determining whether Ramisch may testify as an expert include his knowledge, skill, experience, training and education; whether that knowledge, skill, experience, training and education afford Ramisch knowledge and experience beyond that of an average citizen; and whether Ramisch's testimony will aid the trier of fact in reaching its conclusions. As the appellate court found, the trial court in this case did not address any of the preceding considerations, striking Ramisch's affidavit solely on the basis that Ramisch did not have an Illinois professional engineering license. While licensing may be a factor to consider in determining whether an engineer is qualified to testify as an expert witness, this court does not require an engineering license as a prerequisite to testifying.

Defendants then argue that affirming the appellate court's decision in this case has the "surprising effect of both encouraging and condoning a criminal act." Defendants claim that pursuant to the appellate court's decision, a trial court must consider Ramisch's other qualifications and, if Ramisch meets the criteria for testifying as an expert witness, the trial

court must permit him to testify even though Ramisch will be committing a criminal act when he testifies.

Whether Ramsich may be committing a criminal act by testifying in this case is a separate issue to be decided in a separate proceeding. We decline to prejudge the issue at this time. Moreover, in arguing that the *Thompson II* court's order would be condoning and encouraging a criminal act, defendants misconstrue the holding in this case. The appellate court did not direct the trial court to allow Ramisch to testify, nor did the appellate court hold that the trial court could not consider Ramisch's lack of an Illinois license in determining whether to admit Ramisch's expert testimony. Rather, the appellate court held that the trial court abused its discretion in striking Ramisch's affidavit *solely* on the basis that Ramisch lacked an Illinois license to practice engineering. The appellate court stated that the trial court should consider Ramisch's lack of an Illinois license, as well as whether Ramisch qualified as an expert based upon his knowledge, skill, experience, training and education, and whether Ramisch's proffered testimony would assist the trial court in understanding the evidence. Contrary to defendants' dire predictions, it is entirely possible that the trial court, after considering Ramisch's knowledge, skill, experience, training, education, as well as his lack of an Illinois license, will again find that Ramisch is not qualified to testify in an Illinois civil trial concerning engineering practices. It is also possible that Ramisch, aware that he is subject to criminal penalties for violating the Department's cease and desist order, will choose not to testify in this case. Because the appellate court simply remanded this cause to the trial court to properly consider all relevant factors in deciding defendants' motion to strike Ramisch's affidavit, we find no error in the appellate court's ruling.

Defendants then argue that the appellate court decision in *People v. West*, 264 Ill. App. 3d 176 (1994), supports the trial court's decision to strike Ramisch's affidavit and controls this case. In *West*, the defendant was convicted of arson and aggravated arson. *West*, 264 Ill. App. 3d at 177. At trial, the defendant filed a motion to disqualify the State's expert witness, John Walker, from testifying because Walker was not

licensed to investigate the cause and origin of fire for monetary gain as required by statute (225 ILCS 445/2(h)(4), 4 (West 1992)). *West*, 264 Ill. App. 3d at 178. The trial court denied the defendant's motion, noting that although it was clear that Walker's actions were contrary to the statute, Walker could testify as an expert witness because a person need not be licensed in order to qualify as an expert. *West*, 264 Ill. App. 3d at 178.

The appellate court reversed, finding that the trial court had abused its discretion in denying the defendant's motion to disqualify Walker. *West*, 264 Ill. App. 3d at 184. The appellate court noted that the legislature had enacted a requirement for the protection of the public that anyone who investigates the causes and origins of fires for monetary gain must be licensed in order to conduct such an investigation, and had set forth in the statute the minimum requirements for licensure. *West*, 264 Ill. App. 3d at 184. The appellate court stated that because of the legislation, "the courts cannot ignore the licensing requirement in qualifying a witness as an expert, particularly where such conduct by the witness could subject the witness to criminal prosecution." *West*, 264 Ill. App. 3d at 185. The appellate court reasoned that by allowing Walker to testify, the State and the trial court "were permitting a continuation of a commission of a crime that should have been enjoined." *West*, 264 Ill. App. 3d at 185.

Defendants maintain that the reasoning in *West* applies in the instant case. In this case, as in *West*, the legislature has enacted a requirement for the protection of the public that any person who practices professional engineering, including forensic engineering, must be licensed to conduct those activities. It is clear, then, that the legislature felt that a person practicing professional engineering must be licensed by the state in order to ensure that the witness' opinions are given in a qualified, unbiased and proper manner. Further, because the legislature has provided that a person practicing as a professional engineer without a license is guilty of a Class A misdemeanor for a first offense and a Class 4 felony for a second or subsequent offense (see 225 ILCS 325/39(b)(4) (West 2002)), it is clear that if the trial court had allowed

Ramisch's affidavit, it would have been permitting the continuation of a crime that should have been enjoined.

The appellate court in *West* properly recognized that it is within the trial court's discretion to determine whether a witness is qualified as an expert. *West*, 264 Ill. App. 3d at 184. The *West* court also correctly stated that to qualify a witness as an expert, it must be shown that the witness' experience and qualifications afford him knowledge that is not common to laypersons and that the witness' testimony will aid the trier of fact in reaching its decision. *West*, 264 Ill. App. 3d at 184. In addition, the appellate court accurately held that a trial court should consider a licensing requirement in determining whether a witness is qualified as an expert. *West*, 264 Ill. App. 3d at 185. The *West* court erred, however, in holding that, because Walker was not licensed, the trial court had abused its discretion in allowing Walker to testify as an expert witness. See *West*, 264 Ill. App. 3d at 184. To the extent that *West* may be read as holding that licensing is a prerequisite to the admissibility of expert testimony rather than a factor to be weighed in considering expert qualifications, we overrule that portion of *West* decision and reject defendants' argument that *West* controls the disposition of this case.

Finally, defendants argue that the appellate court's decision in *Thompson II* must be reversed because the appellate court failed to recognize that the legislature has created a special rule for engineering testimony, identifying such testimony as "forensic engineering" and requiring that a person engaging in professional engineering be licensed in Illinois. Defendants maintain, then, that the Engineering Act does require a person testifying as a professional engineer to be licensed in Illinois. In support of this argument, defendants note that the legislature has imposed similar evidentiary requirements in other statutes, for example, section 8–2501 of the Code of Civil Procedure (735 ILCS 5/8–2501 (West 2002)).

Section 8–2501 of the Code of Civil Procedure is entitled "Expert Witness Standards" and provides that "[i]n any case in which the standard of care applicable to a medical professional is at issue, the court shall apply the following standards to determine if a witness qualifies as an expert witness and can

testify on the issue of the appropriate standard of care." 735 ILCS 5/8–2501 (West 2002). The statute then sets forth the standards that the court should consider, including "whether the witness is licensed by any state or the District of Columbia in the same profession as the defendant." 735 ILCS 5/8–2501(c) (West 2002).

Although defendants cite section 8–2501 in support of their argument for reversal of the *Thompson II* court's decision, we find the fact that the legislature has specifically provided for expert witness standards in medical malpractice cases weighs in favor of affirming the appellate court's decision in this case. As the appellate court stated, "if the legislature wanted to condition any testimony by a professional on whether the individual holds a state license, it could enact a statute setting standards for such expert witnesses, as it has done in cases in which the standard of care applicable to a medical professional is at issue." 356 Ill. App. 3d at 460. Merely providing that an engineer engaging in forensic engineering must be licensed in Illinois is not sufficient to establish that a license is a prerequisite to qualifying as an expert witness in a civil case in Illinois.

As a final matter, we note that defendants read the *Thompson II* court's decision as erroneously finding that the term "forensic engineering" does not include the act of testifying at trial. Defendants misunderstand the appellate court's holding in this case. The appellate court did not find that "forensic engineering" as set forth in the Engineering Act does not include testifying in court. The appellate court did not even address the definition of the term "forensic engineering." The appellate court simply held that licensure pursuant to the Engineering Act is not required in order to testify as an expert witness in a civil case. 356 Ill. App. 3d at 459. As discussed, this finding is entirely correct based upon this court's precedent concerning expert testimony.

## CONCLUSION

Accordingly, we find that the appellate court properly declined to answer the first certified question in this case. With

˘17˘

regard to the second certified question, the appellate court was correct that the decision in *Van Breemen* does not control and that the lack of an Illinois engineering license is not a bar to expert testimony in a civil case. The appellate court also did not err in going beyond the certified questions to consider the propriety of the trial court's underlying order striking Ramisch's affidavit. The trial court did abuse its discretion in granting defendants' motion and striking Ramisch's affidavit solely on the basis that Ramisch was not licensed in Illinois to practice forensic engineering. For these reasons, we affirm the judgment of the appellate court which remanded the cause to the circuit court for further proceedings.

*Affirmed.*