NELL E. SHANNON, Plaintiff-Appellant, *v.* STEPHEN M. STOOKEY *et al.*, Defendants-Appellees.—JOHNSIE M. BERGER, Plaintiff-Appellant, *v.* WILLIAM L. HERSCHENBACH *et al.*, Defendants-Appellees.—JACK L. RATLIFF *et al.*, Plaintiffs-Appellees, *v.* A. R. FRANK, d/b/a Frank's Petroleum Exploration, *et al.*, Defendants.

Fifth District No. 77-157

Opinion filed April 6, 1978.—Rehearing denied May 4, 1978.

574

H. Carroll Bayler, of Louisville, for appellants.

Brazitis, Croegaert, Bowen & Miller, of Olney (Paul A. Croegaert, of counsel), for appellees.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by appellants, Nell Shannon and Johnsie Berger, from judgments entered by the circuit court of Wayne County following a bench trial of three causes of action which had been consolidated for purposes of trial. The actions involved two oil and gas leases; Shannon is the lessor of the Shannon lease and Berger is the lessor of the Williams lease. The appellees herein are the holders of a majority of the working interest in both leases. In No. 76-L-6, Shannon brought an action against the appellees alleging abandonment of the Shannon lease and equipment thereon. In No. 76-L-8, Berger brought a similar action against appellees alleging abandonment of the Williams lease and equipment. The third cause of action, No. 75-CH-6, had been brought by appellees against A. R. Frank, who, under contract, was the operator of the two leases, and others to obtain the appointment of a temporary receiver to operate the two leases, and for other relief. Frank was found in default in this action by his failure to answer or appear and he is not a party to this appeal.

Following trial of the three actions, the court found, in 76-L-6 and 76-L-8, in favor of appellees and against appellants, and in 76-CH-6, the court found the equities to be with the appellees and against Frank and ordered in connection therewith the appointment of a receiver *pendente lite* and other relief.

On appeal, appellants' argument centers on two questions; (1) whether the lower court erred in finding no abandonment on the two leases; and (2) whether the court erred in 75-CH-6 in appointing a receiver.

The evidence at trial showed that A. R. Frank was a promoter and operator of oil and gas wells. He obtained the two leases herein which he ultimately assigned in part to appellees to finance the development of wells on those leaseholds. Investments in the two leases appear to have totaled in excess of $150,000 per lease. In a written agreement with appellees, Frank was designated as the operator of the leases, which position he would hold for the duration of the life of the leases. The investors in the wells subsequently became concerned over certain misrepresentations by Frank and his mismanagement of the operations, all of which first led them to consult appropriate State and Federal governmental officials and eventually to bring suit, No. 75-CH-6 herein.

The Shannon lease was executed on January 9, 1974, and was extended to run until July 23, 1974, or as long thereafter as oil or gas was produced. Although no gas or oil was produced, drilling operations continued until January 1975, at which time all operations ceased.

The Williams lease was executed on September 2, 1974, for a period of seven days or as long thereafter as oil or gas was produced. Oil was subsequently produced until January 1975, at which time operations also ceased.

Thereafter, on June 19, 1975, appellees filed the complaint in 75-CH-6 against Frank and others. Complaints alleging abandonment against appellees were filed by Shannon in 76-L-6 on January 30, 1976, and by Berger in 76-L-8 on March 4, 1976.

■■ Abandonment is an intentional relinquishment of a known right. (38 Am. Jur. 2d *Gas and Oil* §208 (1968).) The question of an abandonment of an oil and gas lease is generally one of fact and may be shown by a cessation of operations for an unreasonable length of time. (*Spies v. DeMayo*, 396 Ill. 255, 72 N.E.2d 316.) Equipment abandoned with the oil and gas lease becomes the lessor's property. *Spies v. DeMayo.*

■■ In the case at bar it is undisputed that cessation of operations in January 1975 were a result of acts taken solely by Frank. Testimony showed that appellees did not intend to have the operations cease and that they thereafter expended considerable effort to at least obtain a salvage of the equipment on the Shannon lease and to restart oil production on the Williams lease. However, they were hampered in their efforts by the operator's agreement with Frank. To protect their interests, appellees first sought assistance from governmental officials and thereafter they sought advice from legal counsel. Appellees should not be expected or compelled to have breached the operator's contract themselves. They took the most proper avenue of conduct open to them by seeking redress in a court of law. Suit was filed by appellees approximately five months after cessation of operations. All delay thereafter must be ascribed to the normal and orderly processes of the law. In light of appellees' effort and diligence under the circumstances, it cannot be said that the cessation herein was for an unreasonable length of time.

■■ Unlike the Williams lease, the evidence was undisputed that during the primary term of the Shannon lease as extended, no oil or gas had ever been produced. Thus this lease had expired under its own terms prior to the alleged abandonment. However, in the lower court, the evidence and argument of Shannon centered on the question of abandonment and the judgment of the court against Shannon was limited to this issue. Further, in appointing a receiver the court ordered:

> "That the Receiver shall immediately investigate the feasibility of continued production of the leasehold estates, or in the alternative, the salvage thereof for the benefit of the owners of the working interests as their interest may appear and shall report to

the Court his recommendations in connection with the leasehold estates. * * *"

In this manner the judgment order of the court left unsettled the question of whether the Shannon lease had expired by its own terms. We trust however that the appointed receiver will, under the circumstances of the Shannon lease, remove all salvageable equipment therefrom for the benefit of the holders of the working interest therein. With this in mind, we find no basis for disturbing the findings of the trial court.

Next, appellants attack the judgment in 75-CH-6 and argue that the court erred in appointing a receiver. The argument is premised on the assertion, without citation of authority, that since 75-CH-6 had been consolidated with 76-L-6 and 76-L-8, appellants gained a right to object to the appointment of a receiver and to raise any contentions against that judgment order. We disagree with the premise.

■■ Under section 51 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 51), a court may consolidate actions for its convenience whenever such can be done without prejudice to a substantial right. Consolidation has three different applications: (1) where several actions are pending involving substantially the same subject matter, the court may stay proceedings in all but one and see whether the disposition of the one action may settle the others thereby avoiding multiple trials on the same issue; (2) where several actions involve an inquiry into the same event in its general aspects, the actions may be tried together, but with separate docket entries, verdicts and judgments, the consolidation being limited to a joint trial; and (3) where several actions are pending which might have been brought as a single action, the cases may be merged into one action, thereby losing their individual identity, to be disposed of as one suit. (*Black Hawk Motor Transit Co. v. Illinois Commerce Com.*, 383 Ill. 57, 48 N.E.2d 341; *Vitale v. Dorgan*, 25 Ill. App. 3d 941, 323 N.E.2d 616.) In the instant case there can be no doubt from the record that the consolidation of the three actions herein took the second form, being solely limited to an integration of evidence at a joint trial. Such was done only for convenience and economy, and it did not merge the causes into a single suit, or change the rights of the parties, or make those who were parties in one suit parties in another. (*Johnson v. Manhattan Ry. Co.* (1933), 289 U.S. 479, 77 L. Ed. 1331, 53 S. Ct. 721; 1 Am. Jur. 2d *Actions* §161 (1962).) Thus appellants did not become parties to the action in 75-CH-6 by virtue of the consolidation.

■■ Generally a nonparty to a cause of action can obtain review if it is shown that his interest in the subject matter thereof has been prejudiced or aggrieved by the judgment complained of; that is, a legal right has been invaded or a pecuniary interest is directly and not merely indirectly

affected. (*McDonald's Corp. v. Blotnik*, 28 Ill. App. 3d 732, 328 N.E.2d 897.) Appellees brought suit in 75-CH-6 to have Frank removed as operator and replaced by a temporary receiver. Appellants have not shown by what manner their interests have been directly affected thereby. Their suits involved abandonment, and once this issue was settled it could directly matter little whether Frank or a court appointed receiver acted as the operator. Courts will only determine specific controversies between the parties thereto and will decline to consider abstract questions, moot issues, or cases brought on behalf of other parties who do not seek or desire judicial aid. (*Weihl v. Dixon*, 56 Ill. App. 3d 251, 371 N.E.2d 881.) In the instant case, notice of appeal in 75-CH-6 is signed as follows: "Nell E. Shannon and Johnsie M. Berger, Defendant-Appellants in Case No. 75-CH-6." Shannon and Berger were, however, not at any time defendants in that cause. Now they seek to raise issues, in effect, on behalf of Frank, who was the defendant in that cause. However, since they have no direct, immediate or substantial interest in the judgment order in 75-CH-6, they have no standing to appeal therefrom. *McDonald's Corp. v. Blotnik*.

Accordingly, for the foregoing reasons, the judgments entered by the circuit court of Wayne County in No. 76-L-6 and No. 76-L-8 are affirmed and the appeal from the order in No. 75-CH-6 is dismissed.

Affirmed in part, dismissed in part.

JONES and G. J. MORAN, JJ., concur.