NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. MICHAEL FILOS, Defendant-Appellant.

First District (2nd Division)   No. 1—96—0594

Opinion filed November 26, 1996.

James G. Meyer and A. Mark Ialongo, both of Ialongo & Meyer, of Chicago, for appellant.

Stephen E. Sward and James L. Reed, Jr., both of Rooks, Pitts & Poust, of Chicago, for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Defendant Michael Filos filed a products liability action after he was injured by a dough breaker machine at his place of employment. Without reserving its rights, plaintiff Nationwide Mutual Insurance Company (Nationwide), one of the insurers of the manufacturer of the machine, admitted that it provided coverage for his injury. Twenty-three days before trial was set to begin, Nationwide denied coverage and filed this declaratory judgment action, seeking a determination as to its liability. Finding that Nationwide's insurance policy did not provide coverage for Filos' injury, the circuit court granted its motion for summary judgment. The question of first impression presented in this appeal is whether an exception to the general rule that the doctrine of estoppel will not operate to create primary insurance liability is available in Illinois. For the reasons that follow, we conclude that it is.

Filos' former employer, Noodles of China, ordered a dough breaker machine from its designer and manufacturer, Volpi & Son Machine Corporation Southbrook Division, Inc. (Volpi), on June 29, 1978. Almost 10 years later, on June 16, 1988, Filos severely injured his hand while operating the dough breaker machine.

In December 1988, Filos sued Volpi, contending that the dough breaker was unreasonably dangerous and defectively designed. When Joseph Volpi, the president of Volpi, received a copy of the summons and complaint, he directed that it be sent to the different insurance companies with which Volpi had had coverage in order to determine whether it was covered by any of them. A letter was sent to Nationwide advising it that Volpi's records indicated that its policy, which was in effect from April 2, 1978, to February 2, 1981, provided Volpi with protection from the suit and asking that it respond to the summons. Sometime in early 1989, without reserving its rights, Nationwide informed Volpi that it was covered for the accident.

From early 1989 until August 1993, Nationwide defended Volpi in the underlying litigation. On June 11, 1990, in an answer to Filos' interrogatories, Nationwide stated that its "policy was in effect on the date of occurrence, maximum liability limits—One Million Dollars Aggregate." In November 1991, Nationwide's in-house claims attorney, James Boyd, prepared a request for appraisal in which he

recommended a settlement offer of $350,000. Although a representative of Nationwide made a settlement offer of $350,000 in a pretrial conference on November 12, 1991, it was not accepted.

In August 1993, Eugene Tierney, one of Nationwide's attorneys, reviewed Filos' file. He noticed that the date of loss was erroneously recorded as the date of the sale of the dough breaker. In his opinion, the date of loss was the date Filos was injured. On August 20, 1993, 23 days before trial was set to begin, he advised Filos' attorney that the settlement offer was withdrawn and that Nationwide had not provided insurance coverage to Volpi on the date of the occurrence. On August 31, 1993, Nationwide filed an amended interrogatory answer, denying that Volpi was covered by its policy on June 16, 1988.

On September 15, 1993, a settlement order dismissing Filos' action against Volpi was entered in the circuit court. The order provided for judgment in favor of Filos in the amount of $400,000. A settlement assignment was signed by Filos, Yvonne Chambers, one of Nationwide's claims attorneys, and Joseph Volpi. That document provided that Nationwide denied liability and that Filos agreed not to execute the judgment against Volpi in exchange for Volpi's assignment of any rights that it might have against Nationwide.

On September 16, 1993, Nationwide filed this action, a complaint for declaratory judgment, seeking a determination that it was not liable for the $400,000 judgment. Filos and Volpi, in turn, filed a complaint at law against Nationwide, alleging constructive fraud and breach of fiduciary duty. In March 1994, that suit and Nationwide's declaratory judgment action were consolidated. On January 26, 1996, finding that Nationwide's policy did not provide coverage for Filos' injury, the circuit court granted summary judgment in favor of Nationwide. Filos appeals.

## I

Because the order of the circuit court granting summary judgment did not dispose of all claims raised in the consolidated action and did not contain a Supreme Court Rule 304(a) finding, we first address the question of whether we have jurisdiction to entertain this appeal.

■ Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) provides in relevant part that "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." 134 Ill. 2d R.

304(a). Rule 304(a) does not necessarily apply to all actions involving multiple claims or parties. *E.g., Northtown Warehouse & Transportation Co. v. Transamerica Insurance Co.*, 111 Ill. 2d 532, 490 N.E.2d 1268 (1986) (Rule 304(a) finding not required where counterclaim is severed from case in chief).

■ Where a consolidation concerns several actions involving an inquiry into the same event in its general aspects and is limited to a joint trial, with separate docket entries, verdicts and judgments, an order dismissing one of the actions is deemed final and immediately appealable. *Heritage Pullman Bank v. American National Bank & Trust Co.*, 164 Ill. App. 3d 680, 683-84, 518 N.E.2d 231 (1987); *Kassnel v. Village of Rosemont*, 135 Ill. App. 3d 361, 364, 481 N.E.2d 849 (1985). In such a case, Supreme Court Rule 304(a) language is not required before a reviewing court will have jurisdiction. *Heritage Pullman*, 164 Ill. App. 3d at 684. Where several actions actually merge into one action, however, thereby losing their identity, they are disposed of as one suit and Supreme Court Rule 304(a) language is necessary before an appeal of dismissal of less than all counts will be heard. *Kassnel*, 135 Ill. App. 3d at 364.

■ Here, the consolidated action took the first form. The motion for consolidation of Nationwide's declaratory judgment action and Filos' law action stated that because both cases involved the same parties and common questions of fact, judicial economy, the convenience of the parties, and the avoidance of inconsistent results required consolidation. Because the consolidation was done only for convenience and economy, "it did not merge the causes into a single suit, or change the rights of the parties, or make those who were parties in one suit parties in another." *Shannon v. Stookey*, 59 Ill. App. 3d 573, 577, 375 N.E.2d 881 (1978). Thus, because the law action retained its distinct identity, the order granting summary judgment as to the declaratory judgment action was appealable without Rule 304(a) language. We have jurisdiction to entertain Filos' appeal under Supreme Court Rule 301.[1] *Heritage Pullman*, 164 Ill. App. 3d at 684; see *Kassnel*, 135 Ill. App. 3d at 364.

II

Filos contends that the circuit court erred in granting summary

---

[1]Filos contends that regardless of this court's decision concerning the propriety of the grant of summary judgment in favor of Nationwide on its declaratory judgment action, remand is appropriate for a determination as to the constructive fraud counts. Having concluded that the constructive fraud counts are in effect a separate action, they are still viable in the circuit court and are not properly before us in this appeal. Remand is unnecessary for Filos to pursue those counts.

judgment on the basis that Nationwide's policy did not provide coverage for his injury. He asserts that Nationwide's policy in fact provided coverage for his injury because it was in effect during the time the dough breaker was manufactured and sold.

In appeals from an order granting summary judgment, a reviewing court examines the record *de novo*. *In re Estate of Hoover*, 155 Ill. 2d 402, 411, 615 N.E.2d 736 (1993). A court must consider the affidavits, depositions, admissions, exhibits and pleadings on file and must construe the evidence strictly against the movant. *Hoover*, 155 Ill. 2d at 410. Summary judgment is appropriate if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204 (1992).

■ Filos contends that Nationwide's actions indicated that the date of loss, which was used to determine coverage, was the date of sale of the dough breaker. Nationwide responds that because the date of loss was the date of injury, its policy did not provide coverage for Filos' injury. Although a series of documents generated by Nationwide contains contradictory information concerning what its representatives believed the relevant date of loss for the claim to be, the policy itself provided that it applied only to bodily injury "sustained by any person during the policy period." Accordingly, the date of loss must be the date of injury and Filos' argument that the policy in fact covered his injury, which occurred outside the policy period, is rejected.

Filos' next contention is that even if the policy did not in fact provide coverage for his injury, Nationwide is estopped from denying coverage by defending Volpi for approximately four years without a reservation of rights.

■ Estoppel " 'prevents the assertion of a contractual condition by a party who, through words or conduct, has fostered the impression that the condition will not be asserted as a legal defense.' " *Schoonover v. American Family Insurance Co.*, 214 Ill. App. 3d 33, 45, 572 N.E.2d 1258 (1991), *appeal denied*, 141 Ill. 2d 560, 580 N.E.2d 134 (1991), quoting *First Federal Savings & Loan Ass'n v. Nationwide Mutual Fire Insurance Co.*, 460 A.2d 543, 545 (Del. 1983). Estoppel is defensive in nature; its function is to preserve rights, not to create a cause of action. 18 Couch on Insurance 2d § 71:41, at 268 (rev. 1982). It is " 'designed to prevent a party's disavowal of previous conduct if such repudiation "would not be responsive to the demands of justice and good conscience." ' " *White v. Austin*, 172 N.J. Super. 451, 454, 412 A.2d 829, 830 (1980), quoting *Carlsen v. Masters, Mates & Pilots Pension Plan Trust*, 80 N.J. 334, 339, 403 A.2d 880, 883 (1979).

■ Illinois courts have followed the general rule that the doctrine of estoppel cannot be used to create primary liability or to increase coverage provided under an insurance policy. *Bourne v. Seal*, 53 Ill. App. 2d 155, 203 N.E.2d 12 (1964); *Jennings v. Bituminous Casualty Corp.*, 47 Ill. App. 2d 243, 197 N.E.2d 513 (1964); *Spence v. Washington National Insurance*, 320 Ill. App. 149, 50 N.E.2d 128 (1943); *Commonwealth Insurance Co. v. O. Henry Tent & Awning Co.*, 287 F.2d 316 (7th Cir. 1961). This doctrine is consistently adhered to in other jurisdictions. *E.g.*, *Sellers v. Allstate Insurance Co.*, 82 F.3d 350 (10th Cir. 1996); *Mississippi Hospital & Medical Service v. Lumpkin*, 229 So. 2d 573 (Miss. 1969). The rationale for the general rule is that an insurance company should not be made to pay for a loss for which it has not charged a premium. Annotation, 1 A.L.R.3d 1139, 1144 (1965). Here, Nationwide argues that estoppel is unavailable to Filos because its policy was not in effect at the time of his injury.

Two exceptions to the general rule that estoppel cannot create coverage where none exists have developed in other jurisdictions. One trend has been to permit application of promissory estoppel where an insurer misrepresents the extent of coverage to an insured, thereby inducing the insured to purchase coverage which does not in fact cover the disputed risk. *E.g.*, *Crown Life Insurance v. McBride*, 517 So. 2d 660, 662 (Fla. 1987) (citing a number of courts that have adopted this position in recent years); *Bucon, Inc. v. Pennsylvania Manufacturing Ass'n Insurance Co.*, 151 A.D.2d 207, 547 N.Y.S.2d 925 (1989). This exception has been used "to create insurance coverage where to refuse to do so would sanction fraud or other injustice." *Crown Life*, 517 So. 2d at 662; *United Self Insured Services v. Fabe*, 561 So. 2d 1358, 1359 (Fla. App. 1990). Because this exception is not relevant to this case, we need not determine its applicability in Illinois.

The second exception to the general rule, which is germane to the instant case, applies where an insurer defends an action on behalf of an insured, with knowledge of facts that would provide a defense to coverage, but without a reservation of rights. *Braun v. Annesley*, 936 F.2d 1105, 1110 (10th Cir. 1991). Under those circumstances, if the insurer attempts to deny coverage at a later date, it is estopped from raising the known facts as a defense. *Braun*, 936 F.2d at 1110.

This exception to the general rule "is predicated upon the insurer's conflict of interest: it is too likely to be defending the insured in the lawsuit while at the same time formulating policy defenses to deny coverage." *American Eagle Insurance Co. v. Nettleton*, 932 S.W.2d 169, 174 (Tex. Ct. App. 1996). It has also been justified by the fact that the insured is deprived of his right to

control his defense. *State Farm Lloyds, Inc. v. Williams*, 791 S.W.2d 542, 551 (Tex. Ct. App. 1990).

Jurisdictions that have applied the second exception to the general rule have used it to expand coverage under an existing contract. *Braun*, 936 F.2d at 1111 (insurer is estopped from denying coverage for driver not covered by policy); *Williams*, 791 S.W.2d at 552 (insured is estopped from asserting that policy covered judgments based only on personal liability).

Courts have also used the second exception to create primary liability. In *Florida Physicians Insurance Co. v. Stern*, 563 So. 2d 156 (Fla. App. 1990), for example, the court held that the insurer was estopped from denying coverage for an injury that occurred during coverage provided by a different insurer where it defended for more than one year's time with knowledge that the claim had been previously reported to the other insurer. Similarly, in *Hartford Insurance Group v. Mello*, 81 A.D.2d 577, 437 N.Y.S.2d 433 (1981), where the insurer defended the insured for two years, it was estopped from denying coverage for an incident that occurred prior to commencement of the policy.

Also, in *Boston Old Colony Insurance Co. v. Lumbermens Mutual Casualty Co.*, 889 F.2d 1245 (2d Cir. 1989), the court rejected an insurer's attempt to disclaim liability after trial on the basis that its policy had terminated. Finally, in *White v. Austin*, 172 N.J. Super 451, 456, 412 A.2d 829, 830 (1980), the insurer was estopped from denying coverage by its failure to respond to a summons and complaint for six years, notwithstanding that it had never provided insurance to the person who had claimed he was insured.

Nationwide relies chiefly on *Bourne*, the approximately 30-year-old Illinois case in which the court adopted the general rule that estoppel will not operate to create a contract. *Bourne*, 53 Ill. App. 2d at 170. The court in *Bourne* did not address whether any exceptions to the general rule might apply. Indeed, because the exceptions to the general rule are of recent development, the *Bourne* court would have had to be prescient to do so. Since *Bourne*, we have not had an occasion to consider the estoppel issue.

■ We opt to join the emerging trend in permitting application of the second exception. The policies that undergird the second exception—the potential conflict of interest between insurer and insured and the insured's relinquishment of his right to control his defense— are relevant in Illinois. Accordingly, justice and good conscience demand that the second exception be applied in Illinois: where, as here, an insurer, with actual or constructive knowledge of a defense to coverage nevertheless assumes defense of an insured, it may be

estopped from denying coverage, notwithstanding that coverage for the risk did not in fact exist. We note that because *Bourne* did not address whether the general rule had any exceptions, our holding does not conflict with existing Illinois precedent.

To prevail under this exception, the insured must demonstrate that the insurer was actually or constructively aware of the facts or circumstances indicating noncoverage. *Williams*, 791 S.W.2d at 552. In addition, the insured must establish the elements of estoppel: that he was misled by an act or statement of Nationwide, he reasonably relied on the conduct or representation, and he was prejudiced thereby. *Seegers Grain Co. v. Kansas City Millwright Co.*, 230 Ill. App. 3d 565, 571, 595 N.E.2d 113 (1992), *appeal denied*, 146 Ill. 2d 652, 602 N.E.2d 476 (1992). The foregoing must be proved by clear, concise, and unequivocal evidence. *Western Casualty & Surety Co. v. Brochu*, 105 Ill. 2d 486, 500, 475 N.E.2d 872 (1985).

Here, Nationwide's sole ground for summary judgment was that estoppel was unavailable to Filos. Because we have concluded that it may be available, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

HARTMAN, P.J., and SCARIANO, J., concur.