FOURTH DIVISION
September 28, 2007

No. 1-06-2709

| | | |
|---|---|---|
| MICHAEL APPLEBAUM, Special Administrator | ) | Appeal from the Circuit Court |
| of the Estate of Joseph Applebaum, | ) | of Cook County, Illinois. |
| Deceased, | ) | |
| | ) | |
|       Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 05 L 62044 |
| | ) | |
| RUSH UNIVERSITY MEDICAL CENTER; | ) | |
| RUSH UNIVERSITY MEDICAL CENTER, d/b/a | ) | |
| University Rheumatologists; RUSH UNIVERSITY | ) | |
| MEDICAL CENTER, d/b/a Rush Medical College; | ) | Honorable Mary K. Rochford, |
| LAWRENCE LAYFER; OSAMA IBRAHIM; and | ) | Judge Presiding. |
| M.D.; and OSAMA IBRAHIM; RUSH NORTH, | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
|       Defendants-Appellants. | ) | |

JUSTICE MURPHY delivered the opinion of the court:

Following denial of their motion to dismiss, defendants[1] filed a motion requesting that the

trial court certify a question for interlocutory appeal pursuant to Supreme Court Rule 308(a) (155

Ill. 2d R. 308(a)). The trial court granted the motion and certified the following question:

"Whether the nullity rule should be applied in a wrongful death action where the

_____

[1]The additional named defendants joined the Rush University defendants' motion for

certification and subsequent filings, including this appeal, and are referred to collectively as

"defendants."

plaintiff is an attorney who has passed the bar and was on inactive status at the time of the filing of the complaint, was the special administrator, sole beneficiary and son of the decedent and prior to the hearing on the motion whose license was reinstated."

On December 18, 2006, this court granted defendants' petition for leave to appeal and this interlocutory appeal followed. For the reasons that follow, we answer the certified question as follows:

Where a plaintiff proceeding *pro se* was formerly licensed to practice law, but is voluntarily on inactive status pursuant to Illinois Supreme Court Rule 756(a)(5) (Official Reports Advance Sheet No. 20 (September 27, 2006), R. 756(a)(5), eff. September 14, 2006) at the time of the filing of a complaint under the Wrongful Death Act, he or she is not authorized to practice law and the nullity rule applies even though plaintiff returned to active status prior to a hearing on a motion to dismiss the complaint as a nullity.

## I. BACKGROUND

On December 2, 2003, the decedent, Joseph Applebaum, died following medical treatment at Rush North Shore Medical Center. On December 1, 2005, plaintiff, Michael Applebaum, Special Administrator of the Estate of Joseph Applebaum (estate), filed a complaint at law against defendants. Plaintiff sought damages under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2004)) and the Survival Act (755 ILCS 5/27-6 (West 2004)) for defendants' alleged willful and wanton misconduct in treating decedent. Plaintiff endorsed the complaint as "Attorney at Law." On April 4, 2006, plaintiff filed a first amended complaint,

adding additional counts, and changing the complaint's endorsement to read "Plaintiff Pro Se."

Plaintiff is the only child and sole beneficiary of the estate. The estate had no creditors and was not opened to probate. Plaintiff's complaint and damages sought are only in the name of the estate, not individually for plaintiff. Though plaintiff was admitted to the Illinois bar in 1988, he voluntarily assumed inactive status with the Attorney Registration and Disciplinary Commission (ARDC) on January 6, 2005, since he "had not practiced law in any real capacity until his father's death." Plaintiff remained inactive until some time after he filed his complaint and first amended complaint, but before the hearing on defendants' motion to dismiss.

On June 1, 2006, defendants moved to dismiss plaintiff's complaint as a nullity. Defendants asserted that, because plaintiff had assumed inactive status with the ARDC on January 6, 2005, and he was not licensed to practice law. Defendants argued that because plaintiff appeared in a representative capacity that case law required a finding that the complaint was a nullity and must be dismissed.

Plaintiff maintained that his case should fall under an exception to the nullity rule. Plaintiff asserted that he had proper legal training, had been licensed, but just had not paid the ARDC dues to remain active. He claimed these facts, and the lack of any other party who would benefit from the suit, were sufficient to counter the traditional concerns faced in these cases. Therefore, plaintiff concluded, his case fell within an exception to the nullity rule.

The trial court heard argument and denied the motion. The trial court agreed that plaintiff's inactive status precluded him from representing the estate and that his actions also led to similar suits being declared a nullity. The trial court, however, noted the court's reluctance to apply the nullity rule due to its harshness. The trial court concluded that because plaintiff had earned a law degree, was accepted to the bar, had never been disciplined by the ARDC, and had

resumed active status, the risks typically associated with representation by a nonattorney did not exist in this case. Accordingly, the trial court found that plaintiff should be excepted from the nullity rule.

Defendants moved to certify the aforementioned issue for interlocutory appeal. The trial court agreed that there were sufficient grounds for a difference of opinion on the issue and that resolution in this court might ultimately terminate the litigation and certified the issue. On December 18, 2006, this court granted leave to appeal on the certified issue.

## II. ANALYSIS

When reviewing a certified question under Rule 308, we only answer the certified question that has been posed. We do not render an opinion or rule on the propriety of any underlying order of the trial court. *United General Title Insurance Co. v. Amerititle, Inc.*, 365 Ill. App. 3d 142, 147 (2006). The standard of review in an interlocutory appeal is *de novo*. *Amerititle*, 365 Ill. App. 3d at 147.

Defendants argue that it is well-settled law that one who is not authorized to practice law in Illinois may not file a complaint on behalf of another. *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 390 (2005). Defendants note that the legislature requires a person to receive a license from the Illinois Supreme Court prior to practicing as an attorney. 705 ILCS 220/1 (West 2004). Under the language of Supreme Court Rule 756(a)(5) (Official Reports Advance Sheet No. 20 (September 27, 2006), R. 756(a)(5), eff. September 14, 2006), defendants argue that the supreme court clearly and specifically forbids any attorney electing inactive status from practicing law.

Defendants contend that case law considering Rule 756 has established the "nullity rule" of the certified question. Defendants argue that the nullity rule requires dismissal of the cause of action where an attorney elects inactive status under Rule 756(a)(5) and yet still practices law by

filing a complaint on behalf of another. Because plaintiff was representing the estate, defendants further argue that he could not file the lawsuit *pro se*, but could only file the suit in a representative capacity as a licensed attorney. *Ratcliffe v. Apantaku*, 318 Ill. App. 3d 621, 626-27 (2000).

Defendants rely principally on *Fruin v. Northwestern Medical Faculty Foundation, Inc.*, 194 Ill. App. 3d 1061 (1990), to argue that the nullity rule applies in this case. In *Fruin*, the plaintiff filed a complaint alleging medical malpractice. The complaint was signed and filed by an attorney licensed and located only in Wisconsin, but who consulted with an Illinois attorney who drafted the complaint. *Fruin*, 194 Ill. App. 3d at 1062. After the statute of limitations ran, a supplemental appearance on behalf of plaintiff was filed by an attorney licensed in Illinois. *Fruin*, 194 Ill. App. 3d at 1063. The trial court granted the defendants' motion to dismiss based on the nullity rule. *Fruin*, 194 Ill. App. 3d at 1063. This court affirmed the dismissal, finding plaintiff was on notice to inquire whether the attorney could practice law in Illinois and the appearance of subsequent local counsel after the fact could not cure the nullity issue. *Fruin*, 194 Ill. App. 3d at 1064.

Defendants concede that there is a line of cases that establishes an exception to the nullity rule. See *Janiczek v. Dover Management Co.*, 134 Ill. App. 3d 543 (1985); *McEvers v. Stout*, 218 Ill. App. 3d 469 (1991); *Pratt-Holdampf v. Trinity Medical Center*, 338 Ill. App. 3d 1079 (2003). However, they argue the circumstances of the cases establishing the exception are distinguishable to this case. In *Janiczek*, the plaintiff hired an attorney who was licensed at the time and handled a workers' compensation claim. However, that attorney was disbarred prior to filing suit on the plaintiff's personal injury claim and did not tell the plaintiff. *Janiczek*, 134 Ill. App. 3d at 544-45. In *McEvers*, the plaintiffs hired an attorney licensed in Wisconsin, but not

Illinois, to represent them. *McEvers*, 218 Ill. App. 3d at 470. In *Pratt-Holdampf*, the plaintiff hired a licensed Illinois attorney who advised her that she could file a complaint in a representative capacity for her father's estate, *pro se*, to avoid the statute of limitations and then hire a licensed attorney to appear later. *Pratt-Holdampf*, 338 Ill. App. 3d at 1080.

In each of these cases, the appellate court determined that unique or special circumstances existed that militated against rigid adherence with the nullity rule. The respective courts each noted the harshness of the rule and found that applying it to plaintiffs that had innocently thought they had secured proper legal services would be unfair. *Janiczek*, 134 Ill. App. 3d at 547; *McEvers*, 218 Ill. App. 3d at 472; *Pratt-Holdampf*, 338 Ill. App. 3d at 1086-87. Defendants argue that unlike each of these cases that established unique circumstances, plaintiff was an attorney that voluntarily entered inactive status and was not the victim of the wrongful act of another.

Defendants conclude that this case is more in line with *Fruin*. The *Fruin* court specifically rejected the plaintiff's claim that the exception applied in *Janiczek* should apply in that case. *Fruin*, 194 Ill. App. 3d at 1063-64. The court found that unique circumstances did not apply. Unlike in *Janiczek*, where the attorney hired was licensed in Illinois and had an Illinois office, the attorney was licensed and had his office in Wisconsin. The *Fruin* court held that this should have put the plaintiff on notice to inquire as to whether he could practice in Illinois. Furthermore, the attorney's failure to obtain necessary authorization did not justify deviation from the nullity rule. *Fruin*, 194 Ill. App. 3d at 1064.

Plaintiff relies principally on *Sperry* in arguing that defendants' discussion and conclusions run contrary to most recent case law. In *Sperry*, our supreme court considered the

nullity rule in the context of a dispute over attorney fees involving an incorporated law firm that had failed to register with the Illinois Supreme Court pursuant to Rule 721 (210 Ill. 2d R.721). *Sperry*, 214 Ill. 2d 371. Following the granting of a motion for directed verdict, the trial court awarded the plaintiff attorney fees, which the defendant moved to vacate based on the plaintiff's law firm's failure to register. *Sperry*, 214 Ill. 2d at 374. The appellate court affirmed the trial court's order granting the motion to vacate, finding that the failure to register the firm pursuant to Rule 721 was equal to the unauthorized practice of law and the order was void *ab initio*. *Sperry*, 214 Ill. 2d at 377.

Our supreme court reversed the appellate court and vacated the trial court order. The court adopted the *Janiczek* court's statement of the purpose of the nullity rule: "to protect litigants against the mistakes of the ignorant and the schemes of unscrupulous and to protect the court itself in the administration of its proceedings from those lacking requisite skills." *Sperry*, 214 Ill. 2d at 390, quoting *Janiczek*, 134 Ill. App. 3d at 546. The court noted that it is well settled that this purpose is served by application of the nullity rule when one is unauthorized to practice on behalf of another. *Sperry*, 214 Ill. 2d at 390. However, citing *Joseph P. Storto, P.C. v. Becker*, 341 Ill. App. 3d 337 (2003), the court found that there is a fundamental difference between the Rule 721(c) requirement that professional service corporations register and the unauthorized practice of law. *Sperry*, 214 Ill. 2d at 386-87, quoting *Joseph P. Storto, P.C.*, 341 Ill. App. 3d at 344. The court adopted the *Storto* court's findings that Rule 721 was not enacted to safeguard the public welfare, but to benefit firms that sought the protections of incorporation. *Sperry*, 214 Ill. 2d at 387. Therefore, the court found error in applying the nullity rule to the award of attorney fees to duly licensed attorneys who practiced with an unregistered firm because

the purpose underpinning the rule would not be served in its application. *Sperry*, 214 Ill. 2d at 390-91.

Plaintiff argues that *Sperry* stands against the mechanical application of the nullity rule in all cases that do not involve a layperson being taking advantage of by unscrupulous practices. In addition, plaintiff asserts that the *Sperry* decision supports an exception to the nullity rule in this case because doing so would usurp the discretion of courts in disciplining attorneys. In discussing the importance of the fact the attorneys in that case were licensed, the *Sperry* court discussed the comprehensive rules and system developed by our court to assure licensed attorneys are properly trained before admission to the bar and that they continue to practice ethically and competently after that point. *Sperry*, 214 Ill. 2d at 382-83. Since plaintiff had not been disciplined under this regime, he argues that applying the nullity rule as if he had been disbarred or otherwise unscrupulous, would be overly harsh and unnecessary.

Plaintiff also cites to the distinction between an unlicensed person and an attorney that simply has not paid bar dues. *People v. Brigham*, 151 Ill. 2d 58, 67 (1992). In *Brigham*, the defendant claimed that his sixth amendment right to counsel was denied by his attorney's removal from the Master Roll of Attorneys pursuant to Rule 756 for failure to pay his dues. *Brigham*, 151 Ill. 2d at 60-61. The *Brigham* court concluded that to hold a defendant's sixth amendment rights violated, more than a technical defect in licensing such as failure to pay fees must be alleged to show a lack of training, knowledge or ability. *Brigham*, 151 Ill. 2d at 70-71. Plaintiff asserts that these cases support his contention that his simple failure to pay his dues does not support dismissal under the nullity rule but the trial court's application of an exception.

First, we note that the sixth amendment is not implicated in this, a civil action for alleged

medical malpractice, and plaintiff does not have a protected right to competent counsel. Plaintiff's arguments oversimplify the facts of this case and misstate a crucial factor. Unlike the suspended attorney in *Brigham*, plaintiff voluntarily removed himself from active status and did not simply fail "to pay the appropriate fee." It is true that plaintiff properly petitioned for reinstatement, then paid the full ARDC registration fees, and was reinstated to the Master Roll of Attorneys as an active, licensed attorney. However, this all occurred after the filing of the complaint and after the statute of limitations had run. More importantly, these actions necessarily included more than simply forwarding funds.

This underlies the problem we have with plaintiff's arguments. Plaintiff argues that he was properly educated, trained and licensed, and his prior and current licensure eliminate the concerns which underlie the purpose of the nullity rule. First, a licensed attorney is responsible for knowing and following the rules and laws of this state. Plaintiff clearly failed to do so by filing a complaint as an attorney while he was inactive and unauthorized to do so. Second, the rules, regulations and disciplinary system set up by the supreme court presupposes that attorneys are licensed. While plaintiff was able to reactivate, that does not support the proposition that the nullity rule should not be applied to an inactive attorney who undertakes the unauthorized practice of law. Inherent in maintaining a license is continued oversight by the ARDC and compliance with the rules for licensed attorneys. More recently, this includes continuing legal education requirements. Furthermore, by statute, the courts have the inherent right to punish attorneys for contempt, but to also restrain the unauthorized practice of law. The courts are not limited to one remedy or the other. 705 ILCS 205/1 (West 2004).

With this background, we agree with defendants that *Sperry* is distinguishable from this

case. That court noted that application of the nullity rule is well settled when one has undertaken the unauthorized practice of law on behalf of a party. The court limited its holding to unregistered corporations where the attorneys working on the matter are properly licensed. *Sperry*, 214 Ill. 2d at 390. In this case, there is no unregistered corporation and no licensed attorney, only the unauthorized practice of law. Plaintiff was not licensed and filed a complaint in violation of the plain letter of the law. 705 ILCS 205/1 (West 2004); Official Reports Advance Sheet No. 20 (September 27, 2006), R. 756(a)(5), eff. September 14, 2006.

We believe that *Fruin* is more closely on point and controlling in this case. There is no doubt that the nullity rule is harsh. However, the law is clear that only a licensed attorney may represent another party. As addressed in *Fruin*, the nullity rule applies to these situations, even if subsequent appearances have been made by a licensed attorney. Beyond *Fruin*, plaintiff not only was on notice to determine his ability to practice law, as a former and currently licensed attorney, but should have known he was unauthorized to practice. Because of this, as in *Fruin*, there are no unique circumstances present to justify a deviation from the rule.

Plaintiff had been trained and previously licensed, which theoretically reduces the harms that the nullity rule was created to eliminate. Unlike the line of cases establishing exceptions to the rule, the plaintiff is not an innocent third party that would suffer due to an unknowing or unscrupulous person. As stated by the *McEvers* court, underlying the exception to the nullity rule is the recognition that its imposition punishes the litigant rather than the offending attorney, an improper placement of the penalty. The *McEvers* court further noted that "[t]his might be advisable, if we could legitimately assume that litigants are aware of the rules relating to the practice of law." *McEvers*, 218 Ill. App. 3d at 472.

In this case, plaintiff himself was unknowing. He plainly was unauthorized to practice law and he practiced law in a representative capacity. Plaintiff's subsequent reactivation cannot overcome his failure to obtain authorization to practice prior to filing a complaint. We may legitimately assume that he is aware of the rules relating to the practice of the law. Accordingly, we find that this case does not present a unique circumstance to apply an exception and the nullity rule applies in this situation.

### III. CONCLUSION

Certified question answered; cause remanded.

NEVILLE, P.J., and CAMPBELL, J., concur.