FIRST DIVISION
SEPTEMBER 15, 2008

No. 1-07-2112

| | | |
|---|---|---|
| JOHN BUSCH and SHEB' TUFI KUSHMA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs, | ) | Cook County. |
| v. | ) | |
| | ) | |
| MICHAEL K. MISON, | ) | No. 05 L 002823 |
| | ) | |
| Defendant-Appellees and | ) | |
| Counterplaintiff-Appellee and | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | The Honorable |
| (John Busch, | ) | Moira S. Johnson. |
| | ) | Judge Presiding. |
| Counterdefendant-Appellant and | ) | |
| Defendant-Appellant). | ) | |

PRESIDING JUSTICE ROBERT E. GORDON delivered the opinion of the court:

This appeal concerns the legality of a rejection of an arbitration award under the mandatory arbitration procedure (Supreme Court Rule 86)(155 Ill. 2d R 86) in the Municipal division of the circuit court of Cook County.

Plaintiffs John Busch and Sheb'tufi Kushma brought a personal injury action against defendant Michael K. Mison, alleging Mison negligently caused them injuries as a result of an automobile collision. Mison brought a separate personal injury suit against Busch, seeking

damages for injuries sustained in the same collision. The circuit court consolidated the separate actions for "purposes of discovery and trial." Then the consolidated action was submitted to arbitration. One consolidated award was entered. Mison's lawyers filed an Illinois Supreme Court Rule 93(a) (166 Ill. 2d R. 93(a)) rejection in the circuit court that set off a flurry of motions and responses concerning the question of exactly what had been rejected. That is, did the rejection apply to the Bush and Kushma v. Mison lawsuit <u>and</u> the Mison v. Busch lawsuit? Or did it apply <u>only</u> to the Mison v. Busch lawsuit?

The circuit court held Rule 93(a) did not require specific notices of rejection as to each lawsuit, but certified the following question of law for an interlocutory appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

> "Whether Illinois Supreme Court Rule 93(a) requires a party who is both a plaintiff and a defendant in two separately filed personal injury lawsuits stemming from an auto accident, which were consolidated for purposes of discovery and trial, to file separate notices of rejection of the separate arbitration awards in order to preserve his right to proceed to trial in each lawsuit."

## BACKGROUND

This appeal stems from two separate lawsuits filed on behalf of individuals involved in a two-car motor vehicle collision. On December 30, 2004, Busch and Mison were involved in a motor vehicle collision at the intersection of Kinzie and LaSalle Streets in Chicago. Kushma was

a passenger in Busch's vehicle.

On March 10, 2005, Busch and Kushma brought a negligence suit against Mison in the law division of the circuit court of Cook County (law division suit), seeking damages for personal injuries they sustained in the accident. Mison filed a counterclaim for contribution against Busch. The law firm of Beverly & Pause represented Mison as the defendant in the law division suit. On June 27, 2006, Mison filed a separate suit against Busch in the municipal division of the circuit court (municipal division suit), seeking damages for personal injuries he sustained in the same collision. The law firm of Burnes & Libman represented Mison as the plaintiff in the municipal division suit. After Mison filed a motion for consolidation, the trial court consolidated the cases "for the purposes of discovery and trial."

On February 1, 2007, the consolidated case proceeded to mandatory arbitration. Following a hearing, the two of the three arbitrators entered an award finding "in favor of Busch and against Mison for [$8,500] and for Kushma against Mison for [$6,000]." In the same order, the arbitrators found "against Mison as a plaintiff and for Busch as a defendant." The arbitrators rejected all of the counterclaims. As noted, there was only one award.

On February 26, 2007, Mison filed a single notice of rejection of the arbitration award pursuant to Supreme Court Rule 93(a) using the municipal court number instead of the consolidated court number. Busch, in his capacity as counterdefendant in the law division suit and defendant in the municipal division suit, filed a joint motion to enter judgment on the arbitrators' award and strike Mison's rejection of the award, arguing the notice of rejection failed to comply with Supreme Court Rule 93(a) and failed to reject the arbitration award entered in the

No. 1-07-2112

law division lawsuit.  Busch and Kushma filed a motion to enter judgment on the arbitrators'

award entered in their favor in the law division lawsuit.

On June 11, 2007, the trial court denied both motions.  The trial court also rejected

Busch's interpretation of Rule 93(a) as requiring specific notices of rejection for each arbitration

award.  The trial court granted Busch's motion to certify a question for interlocutory appeal

pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)).

ANALYSIS

An interlocutory appeal pursuant to Supreme Court Rule 308 is ordinarily limited to the

question certified by the circuit court.  Townsend v. Sears, Roebuck & Co., 227 Ill. 2d 147, 153

(2007).  Because a certified question must be a question of law, we review it de novo.

Townsend, 227 Ill. 2d at 154.  When reviewing a certified question, we answer only the question

that has been posed.  Applebaum v. Rush University Medical Center, 376 Ill. App. 3d 993, 995

(2007).  In certain circumstances, however, we are obligated to go beyond the question presented

to consider the appropriateness of the orders giving rise to the appeal.  Billerbeck v. Caterpillar

Tractor Co., 292 Ill. App. 3d 350, 357 (1997).

Supreme Court Rule 93(a) provides, in relevant part:

> "Within 30 days after the filing of an award with the clerk of the
>
> court, and upon payment to the clerk of the court of the sum of
>
> $200 for awards of $30,000 or less or $500 for awards greater than
>
> $30,000, any party who was present at the arbitration hearing,
>
> either in person or by counsel, may file with the clerk a written

notice of rejection of the award and request to proceed to trial, together with a certificate of service of such notice on all other parties. The filing of a single rejection shall be sufficient to enable all parties except a party who has been debarred from rejecting the award to proceed to trial on all issues of the case without the necessity of each party filing a separate rejection." 166 Ill. 2d R. 93(a).

The parties agree resolution of the certified question depends in part on what impact, if any, the trial court's consolidation of the two separate lawsuits "for the purposes of discovery and trial" had on Mison's rejection of the arbitration award under Rule 93(a).

Section 2-1006 of the Illinois Code of Civil Procedure (735 ILCS 5/2-1006 (West 2006)) provides, "[a]n action may be severed, and actions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right."

Illinois courts have recognized three distinct forms of consolidation: (1) where several actions are pending involving the same subject matter, the court may stay proceedings in all but one of the cases and determine whether the disposition of one action may settle the others; (2) where several actions involve an inquiry into the same event in its general aspects, the actions may be tied together, but with separate docket entries, verdicts and judgment, the consolidation being limited to a joint trial; and (3) where several actions are pending which might have been brought as a single action, the cases may be merged into one action, thereby losing their

individual identity, to be disposed of as one suit. Northwest Water Comm v. Carlo V. Santucci, Inc., 162 Ill. App. 3d 877, 890-91 (1987); Shannon v. Stookey, 59 Ill. App. 3d 573, 577 (1978).

Busch contends that because the two suits were consolidated only for judicial economy and convenience, Busch and Kushma--the plaintiffs in the law division suit--were not bound by Mison's notice of rejection of the arbitration award entered only in the municipal division suit. See Ellis v. AAR Parts Trading, Inc., 357 Ill. App. 3d 723-731 (2005) (because the cases were consolidated for discovery only, the Pinol plaintiffs were "not bound by orders entered in the Ellis case"); Nationwide Mutual Insurance Co. v. Filos, 285 Ill. App. 3d 528, 532 (1996) (consolidation done only for convenience "did not merge the causes into a single suit, or change the rights of the parties, or make those who were parties in one suit parties in another"); Kassnel v. Village of Rosemont, 135 Ill. App. 3d 361 (1985).

Mison counters that the record reflects the consolidation of the lawsuits resulted in the two separate suits being merged into one action and losing their separate identities. Mison contends that because the two suits were consolidated into one action, his notice of rejection was sufficient to require all of the issues in the case to proceed to trial.

We agree with Mison.

In Northwest Water Comm'n v. Carlo V. Santucci, Inc., 162 Ill. App. 3d 877, 891 (1987), the court held it was clear "the causes of action herein were consolidated for a much broader reason than mere convenience, i.e., for the purposes of discovery and trial." The water commission filed an " 'Emergency Motion *** To Consolidate Cases,' seeking to combine its action against Santucci with Price's suit for an accounting 'for purposes of discovery and trial.' "

No. 1-07-2112

Northwest Water Comm'n, 162 Ill. App. 3d at 882. According to the motion to consolidate, " '[t]he consolidation of these actions would eliminate a multiplicity of suits, prevent unnecessary litigation, and avoid duplication of efforts and expense, thereby conserving the court's time and expediting the disposition of the actions.' " Northwest Water Comm'n, 162 Ill. App. 3d at 882. The trial court granted the motion for consolidation, explicitly ordering that the cases were "consolidated for the purposes of discovery and trial." The appellate court held "[s]uch purposes indicate that the rights of all of the parties would be finally litigated and settled in one action." Northwest Water Comm'n, 162 Ill. App. 3d at 891.

The record here clearly reflects the trial court consolidated the two separately filed suits into one action that was disposed of by one arbitration award with three distinct findings, not two separate arbitration awards as the certified question presupposes.

Mison's motion to consolidate contended that since "both cases arise from the same set of facts and involve the same witnesses," both lawsuits should "be consolidated into one." (Emphasis added.) In response, the trial court consolidated the law division suit and the municipal division suit "for the purposes of discovery and trial." We find the trial court's consolidation order indicates "the rights of all of the parties would be finally litigated and settled in one action." See Northwest Water Comm'n, 162 Ill. App. 3d at 891. Our conclusion is supported by the fact that the arbitrators entered only one award with three distinct findings, not separate arbitration awards: "We the undersigned arbitrators, having been duly appointed and sworn (or affirmed), make the following award." (Emphasis added.) That is, "award," not "awards." Had the lawsuits gone to trial, judicial economy would have called for one trial, one

-7-

jury, and one judge.

Our supreme court has recognized that "[o]nce the arbitration panel has made its award, the parties must accept or reject the award in its entirety." Cruz v. Northwestern Chrysler Plymouth Sales, Inc., 179 Ill. 2d 271, 279 (1997). Relying on Supreme Court Rule 92(c), the supreme court held: "If none of the parties file a notice of rejection of the award and request to proceed to trial within the time specified under the rules, the circuit court has no real function beyond entering judgment on the award." Cruz, 179 Ill. 2d at 279, citing 155 Ill. 2d R. 92(c) ("In the event none of the parties files a notice of rejection of the award and requests to proceed to trial within the time required herein, any party thereafter may move the court to enter judgment on the award.")

We read Rule 92(c) as concluding that any rejection of any part of the award applies to the entire award.

In this case, Mison's contentions are that his rejection with the municipal number only rejected the entire award. That is the way he captioned his rejection. Although the single arbitration award in the consolidated case contained three distinct findings, Mison's notice of rejection specifically provides that plaintiff, Mison, "rejects the Award of the Arbitrator's entered in this cause on February 1, 2007, in favor of the Defendant, and requests a trial before the court." (Emphasis added.) The notice of rejection makes no reference to the arbitrators' other findings in the award, and we find that once a rejection is filed, the entire award is rejected. We believe that was the intention of the Rule.

The following facts support our conclusion that Mison's attorneys–-Burnes & Libman--

intended to reject the entire award. To rule otherwise could require the filing of many separate notices of rejection.

Mison's personal injury lawyers would not have had the authority to reject the arbitrators award on the law division case where Mison is a defendant and represented by insurance counsel.

If Mison's rejection showed the consolidated case number, it clearly would have been a valid rejection based on the arguments of all of the parties.

Although the certified question is carelessly phrased, we now proceed to answer it as the supreme court has ordered-–"on the merits." Our conclusion reaches the certified questions and beyond it to the trial court's underlying orders. See Thompson v. Gordon, 221 Ill. 2d 414, 434 (2006) ("The appellate court also did not err in going beyond the certified question to consider the propriety of the trial court's underlying order striking Ramisch's affidavit"). See also Walker v. Carnival Cruise Lines, Inc., No. 1-07-3538, slip op. at 7 (May 21, 2008) ("However, in the interest of judicial economy and reaching an equitable result, a reviewing court may go beyond the certified question and consider the appropriateness of the order giving rise to the appeal").

This court holds that in a case consolidated for discovery and trial, Rule 93(a) is satisfied by a single notice of rejection that covers any part of the award made in mandatory arbitration proceedings.

In addition, I agree completely with the special concurrence, and particularly with how the special concurrence explained and distinguished Cruz, 179 Ill. 2d at 279. Justice Garcia stated in his special concurrence that I interpreted Cruz less broadly than he did. I think we are on the exact same page. I agree with him that "[i]n Cruz, the [supreme] court never addressed

the requirements of a rejection notice," that "the situation in <u>Cruz</u> is not present here," and that <u>Cruz</u> supports our conclusion that "where a rejection notice of an arbitration award is filed, the notice is a rejection of the award in its entirety." Slip op. at __ .

## CONCLUSION

We affirm the decision of the circuit court of Cook County.

Affirmed.

WOLFSON, J., dissents.

GARCIA, J., specially concurs.

1-07-2112

JUSTICE WOLFSON, dissenting:

I agree we should reach the issues in this case. Considerations of judicial economy persuade me we should put aside the fact that addressing the certified question directly, on it merits, does nothing to resolve the rejection issue ruled on by the trial court. The certified question assumes the existence of "separate arbitration awards." There was only one award, with three findings.

The majority finesses the precise wording of the certified question to address an issue never before decided by a reported decision in this State. That is, is a mandatory arbitration rejection effective when it clearly is intended to apply only to one of several discrete findings in the arbitration award? I believe the correct answer to that question is no.

There is nothing surprising or unexpected about multiple claims being resolved in a single award, as was done here. Illinois Supreme Court Rule 92(b) clearly anticipates that situation: "The award shall dispose of all claims for relief." "Award" is used in the singular throughout Rule 92, never in the plural.

The arbitrators adhered to Rule 92(b) when they framed an award that disposed of all the claims for relief. It was a single award in a case where the law division and municipal

-11-

1-07-2112

division lawsuits had been "consolidated for discovery and trial." That meant "the rights of all the parties would be finally litigated and settled in one action." Northwest Water Commission v. Santucci, Inc., 162 Ill. App. 3d 877, 891 (1987).

Now, then, can rejecting only one of the three findings be a rejection of the entire award? Once an award is made "the parties must accept or reject the award in its entirety." (Emphasis added.) Cruz v. Northwestern Chrysler Plymouth Sales, Inc., 179 Ill. 2d 271, 279 (1997). That is not what Mison's lawyers did.

I read Rule 92(c) as requiring a rejection to apply to the entire award, not just part of it. A partial rejection is no rejection at all. The rejecting party cannot pick and choose from within the award.

The record reflects Mison's attorneys in the municipal division suit--Burnes & Libman--clearly intended to reject only the arbitrators' finding against Mison as a "plaintiff" and for Busch as a "defendant" when they filed the notice of rejection. That is the way they captioned their notice. Although the single arbitration award in the consolidated case contained three distinct findings, Mison's notice of rejection specifically provides that plaintiff, Mison, "rejects the Award of the Arbitrators entered in this cause on February 1, 2007, in favor

-12-

of the Defendant, and requests a trial before the court."
(Emphasis added.)  The notice of rejection makes no reference to
the arbitrators' other findings in the award.

In sum, the following facts support the conclusion that
Mison's attorneys--Burnes & Libman--intended to reject only the
arbitrators' findings with regard to Mison as plaintiff and Busch
as defendant in the municipal division suit, not all of the
findings reached by the arbitrators:

- Mison's attorneys in the law division suit where
  he was a defendant--Beverly & Pause--did not file
  a separate notice of rejection.

- Mison's notice of rejection contains only the
  caption and case number for the municipal division
  suit filed by Mison; that is Mison as "plaintiff,"
  Busch as "defendant."  He rejected only the award
  "in favor of the defendant," that is, Busch.

- Mison did not include any reference to the
  arbitrators' findings with regard to the law
  division suit or the counterclaims in the notice
  of rejection.

- Mison did not serve the notice of rejection on
  Kushma individually or on Kushma's attorneys in
  the law division suit.

-13-

1-07-2112

Although I agree that all of the claims became part of one case when the separate suits were consolidated for the purposes of discovery and trial, I would find Rules 92(c) and 93(a), read together, require Mison to reject the arbitration award in its entirety, not just one of the arbitrators' individual findings. See Cruz, 179 Ill. 2d at 279, citing 155 Ill. 2d R. 92(c).

If Mison's insurance company lawyers wanted to reject the portion of the award that granted damages to Busch and Kushma, they easily could have done so. It takes no great stretch of the imagination to see that Burnes & Libman were not the least bit concerned about a judgment against Mison in his role as defendant in the law division lawsuit. Going before a jury only on the Mison v. Busch claim would increase chances for recovery.

I believe that in a case consolidated for discovery and trial Rule 93(a) is satisfied by a single notice of rejection that covers all parts of the award or awards made in mandatory arbitration. But where, as here, there is only one award and only a partial rejection of it, the rejection is a nullity and judgment should be entered on all findings in the arbitrators' award.

Nothing in the relevant Supreme Court rules authorizes piecemeal rejection. We take the rules as we find them. We should not rewrite them to reach a favored result. I respectfully dissent.

1-07-2112

JUSTICE GARCIA, specially concurring.

I write separately because I read the supreme court's decision in <u>Cruz v. Northwestern Chrysler Plymouth Sales, Inc.</u>, 179 Ill. 2d 271, 688 N.E.2d 653 (1997), more broadly than Justice Gordon. I also find words of caution necessary regarding the view of our esteemed colleague in dissent.

Justice Wolfson's position, that a rejection notice may be challenged as a nullity where the rejection notice lists one of several findings in an arbitration award, would open the door to more litigation on issues collateral to the claims of the parties. Counsel henceforth seeking to bar rejections would undoubtedly come up with creative arguments to challenge carelessly phrased (or not so carelessly phrased) rejection notices. To open the door to such challenges is, I submit, at odds with the stated objective of mandatory court-annexed arbitration of making litigation less "costly, complicated and time consuming." <u>Cruz</u>, 179 Ill. 2d at 280.

The language the dissent quotes from <u>Cruz</u> that " 'the parties <u>must</u> accept or reject the award in its entirety' " (emphasis in original) (slip op. at __, quoting <u>Cruz</u>, 179 Ill. 2d at 279), is no barrier to our conclusion that the rejection notice here satisfies Rule 93. In <u>Cruz,</u> the court never

-15-

1-07-2112

addressed the requirements of a rejection notice. The quoted language comes from the appellate court decision the supreme court determined took the correct approach of making clear to plaintiffs that if the relief sought goes beyond that which the arbitrators awarded, the only recourse plaintiffs have is to reject the award in its entirety. Plaintiffs cannot accept the award with the expectation of obtaining additional relief before the circuit court when judgment is entered on the award. The judgment entered by the circuit court may not exceed the arbitration award; plaintiffs cannot cherry-pick the relief granted in the arbitration proceedings; it is all or nothing. Of course, the situation in Cruz involving plaintiffs is not present here. Nor is the situation present here the mirror image of the Cruz situation. Here, there was nothing for Mison to cherry-pick; there was only one relief available to him--to proceed to trial.

I submit, the Cruz statement that an award must be accepted or rejected in its entirety means simply what it says--that where a rejection notice of an arbitration award is filed, the notice is a rejection of the award in its entirety. It is of no consequence that the rejection notice lists one, none or all of the findings in the award. This conclusion is consistent with the provision in Rule 93 that "[t]he filing of a single rejection

-16-

1-07-2112

shall be sufficient to enable all parties *** to proceed to trial *** without the necessity of each party filing a separate rejection." 166 Ill. 2d R. 93(a). That the rejection notice here, however carelessly written, is a rejection sufficient to enable Mison to proceed to trial is in line with the purpose of the mandatory court-annexed arbitration system, meant as an alternative to a civil trial, which a litigant should not be denied simply because his counsel lists the one finding in the arbitration award that pertains to his client. This leads to my last point.

Justice Wolfson seeks to prove too much in his claim that "Mison's attorneys *** intended to reject only the arbitrators' findings with regard to *** the municipal division suit." (Emphasis added.) Slip op. at __. That is a conclusion the dissent draws. Reasonable minds differ as to whether that is the only conclusion that can be drawn based upon the facts the dissent marshals. Irrefutable, however, is the clear intent manifested by Mison's rejection notice to proceed to trial.

# REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
## (Front Sheet to be attached to each Opinion)

| | |
|---|---|
| **Please use the following form:** | |
| | JOHN BUSCH and SHEB' TUFI KUSHMA, |
| | Plaintiffs, |
| | v. |
| | MICHAEL K. MISON, |
| | Defendant-Appellees and Counterplaintiff-Appellee and Plaintiff-Appellee, |
| | (John Busch, |
| | CounterDefendant-Appellant and Defendant-Appellant). |
| **Complete TITLE of Case.** | |

**Docket No.**      No. 1-07-2112

**COURT**      Appellate Court of Illinois
First District, First Division

**Opinion Filed**      SEPTEMBER 15, 2008
(Month, Day and Year)

**JUSTICES**      PRESIDING JUSTICE ROBERT E. GORDON delivered the opinion of the court.
WOLFSON, J., dissents.
GARCIA, J., specially concurs.

**APPEAL from the Circuit Court of Cook County; the Hon:_____ Judge Presiding** | Lower Court and Trial Judge(s) in form indicated in margin:
Appeal from the Circuit Court of Cook County.
Honorable Moira S. Johnson, Judge Presiding.

**For APPELLANTS John Doe of Chicago.**
**For APPELLEES, Smith and Smith, of Chicago. Brown, of Counsel.**

Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel.
Indicate the word NONE if not represented.
--------------------------------------------------------------------------------

     Crisham & Kubes, Ltd.
     Chicago, Illinois 60602
     Attorneys for Appellant, John Busch
     Attn: Thomas M. Crisham; Jean M. Predergast; and Clare J. Quish
     OF COUNSEL

**Also add atty. for third party appellants or appellees.**

     Beverly & Pause
     Chicago, Illinois 60602
     Attorneys for Appellee
     Attn: Justin D. Wine
     OF COUNSEL

(USE REVERSE SIDE IF NEEDED